**STATE ex rel. DABNEY, Atty. Gen., v. SHELDON.**

No. 18455. Opinion Filed Feb. 12, 1929.

Rehearing Denied April 23, 1929.

Edwin Dabney, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for plaintiff in error.

Rittenhouse, Lee, Webster & Rittenhouse, Tomerlin & Chandler, and D. S. Levy, for defendant in error.

SWINDALL, J. This action comes to this court on appeal from the district court of Oklahoma county, wherein the state of Oklahoma, on relation of Edwin Dabney, Attorney General of said state, commenced an action in the district court of Oklahoma county to remove the defendant in error, Ed Sheldon, from office, under and by virtue of the terms and provisions of the first subdivision of section 2413, C. O. S. 1921, commonly known as the Attorney General's Bill. And, as the parties hold the same position in this court as in the trial court, they will be referred to herein as plaintiff and defendant.

The petition of the plaintiff consists of nine separate counts. The demurrer of the defendant and his motion to dismiss were overruled as to count 2 of plaintiff's petition, and the demurrer and motion to dismiss were sustained as to all other counts. Upon the sustaining of the demurrer and motion to dismiss as to eight of the counts, the plaintiff dismissed the second count or cause of action without prejudice and elected to stand upon his petition, whereupon the court dismissed the petition of plaintiff as to the remaining eight counts, to which ruling the plaintiff duly excepted.

Plaintiff thereupon gave notice of appeal and filed its transcript and case-made together with a petition in error in this court.

Under the first count of the petition, after setting forth that said cause of action was instituted in the name of the state of Oklahoma, on the relation of the Attorney General, pursuant to the direction of the Governor, under provision 1, section 2413, of chapter 7, art. 4 C. O. S. 1921, and after alleging that the defendant was one of the duly elected, qualified, and acting county commissioners of Oklahoma county, charged that during the term of office of the defendant he had been guilty of willful failure or neglect to faithfully and diligently perform the duties enjoined upon him by the laws of this state. in that during his term of office one W. A. Jackson was the duly elected, qualified, and acting county clerk of Oklahoma county, and that it was the duty of the said W. A. Jackson to file verified monthly reports of the work of the county clerk for

the preceding month, showing the total fees charged in each case and the total fees collected, and to pay all such moneys and fees into the county treasury and file duplicate receipts therefor with the county clerk; and it was the duty of the said defendant to require and compel the said Jackson to file said monthly reports as aforesaid, and that it was the duty of said board of county commissioners to approve all said monthly reports before allowing any claims for salary to the said Jackson. And that the said commissioners were required under the law not to allow any salary claims until such monthly reports for the preceding month were filed and approved by the said board of county commissioners, and that, notwithstanding it was the duty of the said Jackson to file such report, and the said commissioners not to pay his salary until the same was filed, and to require said report to be filed, that for the months of July to December, 1925, and for the months of January to October, inclusive, in the year 1926, the said commissioners wholly failed to require the said Jackson to file said reports; and that, notwithstanding the same had not been filed, all the salary claims for said months were allowed and approved, unlawfully, willfully, and negligently by the board of county commissioners, and that the salary claims were allowed at a time when such monthly reports were not filed and had not been filed and approved according to law, and charged that the said acts are the duties enjoined upon them by law as such commissioners.

Said count also set out the date when such reports were filed, when approved, and the dates upon which the salary claims were allowed, and further alleged that for the months of June to September, 1926, inclusive, no such monthly reports were ever filed by the said Jackson, or approved by the said defendant, acting with the other members of the board of county commissioners, and that, notwithstanding the same had not been filed, nevertheless, the said defendant, acting with the other members of the board of county commissioners, for each of said months, allowed the salary claims to the said Jackson, and that by virtue of the failure and neglect of the said defendant to require such monthly reports of the fees charged and collected by the clerk to be filed, and by reason of the neglect of the said defendant in allowing the salary claims of the said Jackson, when the monthly reports were not filed, Oklahoma county suffered a loss in the sum of $15,095.73, and that in all of said acts said defendant had willfully failed or

neglected to diligently perform the duties enjoined upon them by the law and prayed for their removal from office.

In count 3, the allegations contained in the plaintiff's petition are practically identical with the allegations contained in count 2, with the exception that said count charges the defendant with approving the salary claims of one Cliff Myers, the court clerk of Oklahoma county, at a time when his monthly report of fees collected and received had not been filed and approved. This count also differed from count 1 in the further respect that it is not charged that a loss of public funds was occasioned by such neglect of duty in the office of the court clerk.

The allegations of count 4 of plaintiff's petition are identical with those of counts 1 and 3, with the exception that count 4 charges the failure to diligently and faithfully perform the duties enjoined upon the defendant by law, in that the said commissioners allowed the salary claims of Ben B. Dancy, sheriff of Oklahoma county for a period of 21 months, when his monthly reports for said months had not been filed and approved; and that his said reports for all of said months were approved by the board of county commissioners on December 17, 1926.

Count 5 charges that the board of county commissioners, while defendant was a member thereof and voting therefor, employed one D. S. Levy, an attorney at law, to perform certain legal services for Oklahoma county, and had allowed him claims for such services, and that the duties so performed were such as were required to be performed by the county attorney of Oklahoma county, and that employment of said attorney was unauthorized, and that the payment of said sums of money was illegal.

Count 6 charges that the said defendant, acting as one of the county commissioners of Oklahoma county, was receiving a salary of $125 per month for each month from and after July 6, 1925, up to and including the 1st of February, 1927, for the performance of duties of his office as county commissioner, and that in addition thereto he filed the claims and authorized the payment of the same for fees at the rate of $1.50 per day for alleged services in overseeing the poor of Oklahoma county.

Count 7 charges that the defendant, acting with the other members of the board of county commissioners, allowed illegal claims to certain persons named in the petition,

and issued warrants in payment of the same, which claims were illegal and invalid, in the total sum of $2,312, and were paid from the funds of the county election board of Oklahoma county, Okla.

Count 8 of plaintiff's petition charges that road bonds were voted in the sum of $200,000, for the purpose of building roads within Oklahoma county, and that the same were sold for the sum of $200,000, and that thereafter what is commonly known as the Walker street viaduct was constructed by the Green-Beekman Construction Company, and that the said commissioners allowed claims and authorized the paying of warrants against said fund in the sum of $206,063, and that the said amount of money authorized by bond issue for such purposes was exceeded to the extent of $6,063, and that said excessive amount aforesaid represents accrued interest on said bonds and interest on daily deposits of said bond money, and that said claims were illegal and were paid in violation of law, and that such acts of defendant, acting with the other commissioners in allowing claims in excess of the specified amount authorized by said bond issue, constituted willful failure or neglect to diligently and faithfully perform the duties enjoined upon them by the laws of this state.

The 9th count in plaintiff's petition alleges that the defendants allowed illegal claims to the extent of $486 to one J. C. Kendal, who was employed by the board of county commissioners as special delinquent tax collector, under the provisions of chapter 36, S. L. 1925; said claim being allowed against and paid from the appropriation for general county government purposes, and that said claims by the said Kendal for postage and stamps used by the said Kendal in the collection of delinquent personal taxes constituted no lawful charge against any of the funds of Oklahoma county, and were wholly illegal and void, and that in al'owing such illegal claims the defendant was guilty of the unlawful failure or neglect to diligently and faithfully perform the duties enjoined upon them by law.

The question to be determined by this court is, Does any or all of the several counts of said petition state facts sufficient in law to constitute a cause of action or causes for removal from office against the defendant, under subdivision 1, section 2413, C. O. S. 1921? If so, then the trial court erred in sustaining the demurrer of the defendant to the petition of the plaintiff; if not, the judgment of the trial court should be affirmed.

"A general demurrer admits the truth of all the facts well pleaded in the petition, and the petition must be liberally construed, and all such facts must be taken as true for the purpose of the demurrer, and where a pleading states facts upon which pleader is entitled to any relief under the law, the general demurrer to the same should be overruled." Folsom et ux. v. Mid-Continent Life Ins. Co. et al., 94 Okla. 181, 221 Pac. 486.

Section 57, art. 5, of the Constitution provides that:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills. * * *"

The title to chapter 205, S. L. 1917, now sections 2411-2425, C. O. S. 1921, known as the Attorney General's Bill, is:

"An act providing for the suspension and removal of certain state, county, city and municipal officers for failure to perform the duties of their office. * * *"

Subdivision 1 of section 2413, under which the petition in this action is brought, reads:

"Any willful failure or neglect to diligently and faithfully perform any duty enjoined upon such officers by the laws of this state."

In State v. Davenport, 79 Okla. 297, 193 Pac. 419, this court said:

"It is a cardinal rule in the construction of statutes that the intent of the Legislature, when ascertained, must govern, and that to ascertain the intent of the Legislature, provisions of legislative enactments upon a particular subject should be construed together and given effect as a whole."

It is also equally true that where the intent is clear, courts will not construe a statute with such technicality as to defeat its purpose.

So, in this case, we must look to the intent of the Legislature in enacting the law under consideration and construe the same so as to let the legislative intent govern, and not construe the same with such technicality as to defeat its purpose.

It will be observed from the title clause that it is an act providing for the suspension and removal of certain state, county, city, and municipal officers, for failure to perform the duties of their office. It will be presumed that the title embraced every subject that the Legislature intended to act upon in passing the same, for the Constitution provides that:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title."

So it appears clear to us that the only subject included in the act is acts of omis-

sion by the officers named, and not acts of commission, otherwise the Legislature would certainly have provided for suspension or removal for willfully, wrongfully, and corruptly acting, as well as willfully or negligently failing to act, and expressed that intent in the title to the act and in the act also.

So, keeping in mind the issue, does the petition or any of the several counts or paragraphs thereof state facts sufficient to constitute acts of omission on the part of the defendant in this case, under subdivision 1 of section 2413?

Section 6358, C. O. S. 1921, is as follows:

"At each monthly meeting of the board of county commissioners or, if monthly meetings are not held, at each quarterly meeting, the clerk of the district court, the clerk of the superior court, the clerk of the county court, the county clerk and the register of deeds shall each file a verified report of the work of the preceding month or quarter, showing the total fees charged in each case and the total fees collected in each case, and shall pay all such fees into the county treasury and file duplicate receipts therefor with the county clerk."

And section 6336, C. O. S. 1921, provides that:

"At each monthly meeting of the board of county commissioners, the sheriff shall render an itemized and verified report of the work of himself and deputies done during the preceding month, showing the fees earned by himself in person and each deputy; the amount collected in each case; the name of the court in which such work was done; the style of the case therein, and the amount of money collected. All funds collected by the sheriff and deputies shall be paid into the county treasury, and a duplicate receipt therefor filed with the county clerk."

And section 6456, C. O. S. 1921, provides that:

"The salary of all county officers, their clerks and deputies, shall be paid monthly out of the county treasury by order of the board of county commissioners; provided, however, that no salary shall be allowed or paid until their reports are filed and approved by the board of county commissioners, as provided by law."

So, it will be seen that under the provisions of section 6358, supra, it was the duty of the county clerk, court clerk, and other officers named to file monthly reports with the board of county commissioners, if monthly meetings are held, and if not, then at each quarterly meeting they are required to file their reports, showing the total fees collected in each case and pay all of such fees into the county treasury and file duplicate receipts therefor with the county clerk.

And under section 6336 it likewise became the duty of the sheriff to file his report monthly.

And all of these officials, under the law, are guilty of an omission of duty when they fail to file such reports and to pay into the treasury the fees collected by them as the law directs.

Then, what is the duty of the county commissioners in regard to these matters?

It appears to us that their duties are plainly defined and that the law is clear as to the duties of the county commissioners, as stated in section 6456, supra, that no salary shall be allowed or paid until their reports—that is, the reports of the county clerk, court clerk and sheriff—are rendered, filed, and approved by the board of county commissioners, as provided by law; and the law provides that these reports must be rendered, filed, and approved either monthly or quarterly, as the board may hold meetings according to law.

So, we hold that as to counts 1, 3, and 4, it was the duty of the defendant, and the other members of the board, to require said reports to be rendered and filed and to approve the reports of the county clerk, court clerk, and sheriff, respectively, and to do this before any salary was allowed to any of said officers, and that by reason of their failure and neglect to perform the duty enjoined upon them and require said reports to be rendered and filed and approve the reports before allowing the salary claims of the officials specified, they were guilty of an omission of official duty.

Then the query is. Was this omission of duty such as to authorize the court under the petition filed in this case to suspend or remove the defendant from office for willful failure or neglect to diligently and faithfully perform any duty enjoined upon such officer under subdivision 1 of section 2413, supra?

Section 2313, C. O. S. 1921, defines the term "willfully" as follows:

"The term 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage."

Section 2314, C. O. S. 1921, defines the term "neglect" as follows:

"The terms 'neglect,' 'negligence,' 'negligent' and 'negligently,' when so employed, import a want of such attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns."

"Neglect," as defined by Anderson's Law Dictionary, paragraph 429, page 703, is the omission or forbearance to do a thing that can be done, or that is required to be done."

In the case of Holliday v. Fields, 210 Ky. 179, 275 S. W. 642, the court says:

"Neglect of duty, within the meaning of amendment of 1918 of Constitution, paragraph 227, for removal of officers therefor, means careless or intentional failure to exercise due diligence in performance of official duty, degree of care, depending on character of duty, and including therefor willful neglect, and such forms of misfeasance and malfeasance as involve a failure in performance of duties required by law, but does not include offenses of misfeasanse or malfeasance, as used in act before amendment, to which offenses amendment does not apply; 'misfeasance' being the wrong doing of an official act, and 'malfeasance' being wrong doing of an official act with evil intent, accompanied by such gross negligence as to be equivalent to fraud."

In Hackfield & Co. v. United States, 49 L. Ed. 826, the court says:

"The word 'neglect,' as sometimes used, imports an absence of care or attention in the doing or omission of a given act, or it may be used in the sense of an omission or failure to perform some act. To 'neglect' is not always synonymous with to 'omit.' Whether the use of the term is intended to express carelessness or lack of attention required by the circumstances, or to express merely a failure to do a given thing, depends upon the connection in which the term is used and on the meaning intended to be expressed."

The opinion then quotes the definition of "neglect," as found in Webster's Dictionary, Standary Dictionary, and Century Dictionary.

Section 2033, C. O. S. 1921, provides that:

"Any register of deeds, judge of the county court, county attorney, county commissioner, sheriff, coroner, county superintendent of public schools who willfully fails or refuses to perform the duties of his office according to law, is guilty of a misdemeanor."

Section 2035 makes the provisions of section 2033 apply to the county treasurer, justices of the peace, and all other county and precinct officers.

In Maben v. Rosser, 24 Okla. 588, 103 Pac. 674, the Supreme Court of this state said:

"A proceeding to remove an officer under article 4, Wilson's Rev. & Ann. Stat. 1903, is not to punish for violation of the penal laws. No judgment assessing a fine or imprisonment can be rendered in such action. The purpose of it is to relieve the people from faithless, corrupt officers, who have violated their trust, by affording a speedy and adequate means for their removal."

The act under consideration was not enacted to punish the officer for a violation of the penal laws, but to relieve the people of officers who willfully failed or neglected to diligently and faithfully perform any duty enjoined upon them. The duty was enjoined upon the county clerk, court clerk, and sheriff to render to the board of county commissioners the reports as specified in sections 6353 and 6336, supra, and they were guilty of an omission of official duty when they failed to render said reports. The duty was enjoined upon the board of county commissioners to require said officers, by mandamus, if necessary, to render said reports and to see that the reports so rendered are filed and to approve said reports before they allow or pay said officers any salary.

It is not a mere formality of law that these reports are required to be rendered, filed, and approved, but the law requires this to be done that the board of county commissioners and the public may know the amount of revenue that is being earned by the various county offices, and that the same is properly accounted for and turned into the funds of the county where it belongs, and to keep a check on the county officials and to make their annual statement as required by law, and aid the excise board in properly preparing the budget and making the correct estimate for the current needs of the county.

Section 5793, C. O. S. 1921, defining the general powers of the board, provides that they shall have power,—

"Second. To audit the accounts of all officers having the care, management, collection, or disbursement of any money belonging to the county or appropriated for its benefit."

Section 5795 provides:

"The board of county commissioners is hereby vested with full power to inquire into and investigate the accounts, disbursements, bills and expenses of any county, district, or township officer, and to that end may subpoena witnesses and in case any witness fails or refuses to obey any lawful orders of the board of county commissioners, he shall be deemed guilty of a misdemeanor, but in no case shall the board of county commissioners allow any compensation, fee, salary, bills or

expenses to any officer or person except when expressly allowed by law."

Section 5800, C. O. S. 1921, directs that:

"They shall superintend the fiscal concerns of the county and secure their management in the best manner; they shall keep an account of the receipts and expenditures of the county, and on the first Monday of July, annually, they shall cause a full and accurate statement of the assessments, receipts, and expenditures of the preceding year to be made out in detail under separate heads, with an account of all the debts payable to and by the county treasurer, and they shall have the same printed in at least one newspaper in their county, and if there be no paper in the county the same shall be posted up at the usual place of holding their sessions, and at a public place in each precinct of the county."

Section 5839, C. O. S. 1921, requires that:

"All treasurers, sheriffs, clerks, constables and other officers chargeable with money belonging to the county shall render their accounts to and settle with the county commissioners at the time required by law, and pay into the county treasury any balance which may be due the county, take duplicate receipts therefor, and deposit one of the same with the clerk of the county within five days thereafter."

Section 5841, C. O. S. 1921, provides that:

"If any person thus chargeable shall neglect or refuse to render true accounts or settle as aforesaid, the county commissioners shall adjust the accounts of such delinquent according to the best information they can obtain, and ascertain the balance due the county, and order suit to be brought in the name of the county therefor; and such delinquent shall not be entitled to any commission, and shall forfeit and pay to the county a penalty of 20 per cent. on the amount of funds due the county."

The commissioners knew these reports were not rendered as the law required, and they knew these reports were not filed in the office of the county clerk, who is clerk of the board of county commissioners, and they knew that each of said officers had omitted to perform the duties of his office in failing to perform the duties of his office and render a report according to law, and the members of the board of county commissioners, including the defendant, knew that under sections 2033 and 2035, C. O. S. 1921, supra, if said officers willfully failed or refused to render said reports, they were guilty of a misdemeanor. They knew what the duties of the officers were under the other sections of the statute, supra, and what the duties enjoined upon them were. It appears to us that if the board of county commission-

ers had done what officials of ordinary care and prudence would have done under the same or similar circumstances, they would have demanded that said officers render their reports as required by law, and that if the officers named had on demand refused to render their reports, then mandamus them to do so, or take other action authorized by section 5841, supra, and refused to allow or pay their salary until their reports were rendered, filed, and approved.

We, therefore, hold that in failing to refuse to allow and pay the salary of the county clerk, court clerk, and sheriff until they had rendered their reports and the board of county commissioners had approved said reports, the members of the board of county commissioners were guilty of an omission of official duty in willfully failing to diligently and faithfully perform a duty enjoined upon them, that is, the duty of approving said reports before allowing or paying said officers any salary until their respective reports were rendered by said officers and filed in the office of the county clerk and approved by the board of county commissioners, and that the demurrer to paragraphs or counts 1, 3, and 4 should be overruled.

It is our opinion that the first subdivision of section 2413 only authorizes the Attorney General to proceed, when directed by the Governor, against the officers designated, when such officers willfully fail or neglect to diligently and faithfully perform any duty enjoined upon them, and not for willfully, wrongfully, or corruptly acting.

If a removal or suspension is sought for willfully, wrongfully, or corruptly acting, then the proceedings under the laws now in force must be brought under sections 2394-2409, C. O. S. 1921.

As to paragraphs or counts 5, 6, 7, 8, and 9, we are of the opinion that if the facts warrant, the same should be prosecuted by accusation for wrongfully, willfully, and corruptly acting, as authorized under sections 2394-2409, C. O. S. 1921.

However, we refrain from expressing any opinion as to the sufficiency of these paragraphs or counts of the petition, other than to hold that paragraphs 5 to 9, inclusive, relate to acts of commission and not acts of omission, for the reason that the same may come before this court under other proceedings.

This case is therefore reversed and remanded as to paragraphs or counts 1, 3, and 4, with directions to the district court of

Oklahoma county to overrule the demurrer and motion as to these counts and to take such further action and proceedings as may be consistent with this opinion, and as to counts 5 to 9, the judgment of the district court of Oklahoma county is affirmed.

HUNT, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur.

MASON, C. J., absent. LESTER, V. C. J., not participating.

CLARK, J., dissents.

Note.—See under (2) 25 R. C. L. p. 960; 3 R. C. L. Supp. p. 1435; 4 R. C. L. Supp. p. 1611; 5 R. C. L. Supp. p. 1355; 6 R. C. L. Supp. p. 1494; 7 R. C. L. Supp. p. 857. See "Constitutional Law," 12 C. J. §221, p. 791, n. 19. "Counties," 15 C. J. §99. p. 453, n. 96; §187, p. 515, n. 24. "Officers," 46 C. J. §151, p. 987, n. 18. "Statutes," 36 Cyc. p. 1106, n. 29; p. 1111, n. 58; p. 1147, n. 30.