REID, C.
The Attorney General, at the direction of the Governor of the state, made on investigation of the official conduct of one W. A. Peck as county clerk of Pontotoc county, and as a result thereof, on July 27, 1927, filed a complaint in the name of the state against said Peek asking his removal from office on certain grounds alleged in the complaint.
The trial court sustained defendant’s motion to strike counts Nos. 3 to 15, inclusive, of the complaint, and the state then dismissed the other counts, elected to stand on the counts dismissed by the court, and appealed to this court, assigning as error the action of the trial court in sustaining defendant’s motion.
Count 3 of the complaint in this case alleged that the defendant feloniously altered a journal of the proceedings of the board of county commissioners of said county, which book was under his possession and control as county clerk; and the complaint described the alteration with particularity. The other counts dismissed each charged the defendant with presenting to the board of county commissioners false and bogus claims in favor of himself, procuring their allowance by the *13 board, and collecting from the county the proceeds of the claims.
The proceeding in this case was begun and prosecuted by the Attorney General under and by virtue of the authority given him by sections 2411 to 2425, inclusive, C. O. S. 1921, which was enacted by the Legislature as chapter 205, S. L. 1917; the title of which act is as follows:
“An act providing for the suspension and removal of certain state, county, city and municipal officers for failure to perform the duties of their office; empowering the Attorney General on his own motion, or when directed by the Governor to conduct investigation and prosecute said causes; conferring concurrent jurisdiction for trial of such causes in the district court and in the Supreme Court; authorizing the legally constituted authority under the existing laws, [to] fill all vacancies caused by the suspension or removal of any officer under the provisions of this act, and declaring an emergency.” (Emphasis ours.)
The grounds for removal upon the proceeding instituted by the Attorney General under this act are set forth in section 3 thereof, which is section 2413, C. O. S. 1921, and is as follows;
“Section 2413. Official Misconduct Defined. Official misconduct within the meaning of this act is hereby defined to be:
“1. Any willful failure or neglect to diligently and faithfully perform any duty enjoined upon such officer by the laws of this state.
“2. Intoxication in any public place within the state produced by strong drink voluntarily taken.
“3. Committing any act constituting a violation of any penal statute involving moral turpitude."
It is obvious that the counts in the complaint which were stricken by the court in response to defendant’s motion, which amounted to a demurrer, clearly charged the defendant with acts falling within subdivision 3, of section 2413, supra.
The pertinent part of section 57, article 5 of the Constitution of this state, to the question here considered, is as follows:
“Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title.* * *”
The title to the act does not attempt to state that the Attorney General is given the power to institute and prosecute proceedings for the removal of such officers generally, but, on the other hand, clearly expresses the purpose to provide only for the suspension and removal of certain officers for failure to perform the duties of their respective offices. The acts covered by subdivision 3, section 2413, under which this proceeding seems to have been brought, have no relation whatever to the officer neglecting his duty, but to his doing affirmative acts which might or might not relate to his office; and; therefore the title to the act does not clearly express this latter subject which is included in the act.
The purpose and effect of section 57, article 5 of the Constitution, has been considered in many cases which have come to this court. And in the comparatively recent case of State ex rel. Short, Atty. Gen., v. Johnson et al., 90 Okla. 21, 215 Pac. 945, this court called attention to those cases, and gave in detail the reasons for such constitutional requirement; and we can add nothing to what was there said on the question.
In view of the fact that the counts in the complaint in the present case clearly charge the defendant with acts of commission and not acts constituting a neglect of his duties as county clerk, the Attorney General was without authority to institute and prosecute a proceeding based on these counts. State ex rel. Dabney, Atty. Gen., v. Sheldon, 135 Okla. 278, 276 Pac. 468.
In this connection it may be stated that the right of the Attorney General to prosecute the proceeding was not the question upon which the district court held adversely to the state and dismissed the complaint, nor is it the question presented and briefed by the parties on the appeal. However, we have concluded that the case should be decided here and now upon that proposition for the reason that if the Attorney General had no such right, then other questions become wholly immaterial to a decision of the ease.
The judgment of the trial court should be affirmed, and it is so ordered.
BENNETT, TEEHEE, POSTEE. and LEACI-I, Commissioners, concur.
By the Court; It is so ordered.
Note. — See “Statutes.'' 36 Oyc. p. 1042, n. 94.