CASE, County Treas., v. PINNICK.

97 P. 2d 58.

No. 29245. Nov. 7, 1939.

Rehearing Denied Dec. 19, 1939.

218

W. H. Parker and A. R. Telle, both of Atoka, for plaintiff in error.

D. D. Archer, of Oklahoma City, for defendant in error.

HURST, J. This is an action in mandamus by L. D. Pinnick to compel Jeff Case, county treasurer of Atoka county, to pay a township warrant owned by the plaintiff. From an order granting a peremptory writ of mandamus, the defendant appeals.

The warrant was issued and registered on July 6, 1931. Funds were not then available to pay it. On April 15, 1938, plaintiff demanded payment of the warrant, and at that time funds were available to pay it, but payment was refused because of the provisions of article 7, ch. 32, S. L. 1935, 62 Okla. St. Ann. § 482, effective May 8, 1935. That statute provides:

"That from and after the passage of this act, without regard to the time when funds may be collected and are available to pay the same, any and all warrants issued in payment of obligations of counties, townships, school districts, cities, towns and other municipal subdivisions or corporations of this state, shall as to time of payment, become due one year after the close of the fiscal year for which the same was issued, and action thereon may be commenced in any court of competent jurisdiction to enforce the liability evidenced thereby. Unless action be commenced by the filing of suit thereon and service of summons within five years from the aforesaid due date, the same shall be forever thereafter barred, and it shall not be necessary that such lapse of time be asserted as a defense in any such action in order that the defendant be relieved of liability thereon. Provided, that in all cases where the time limited herein has expired or will expire prior to June 30, 1935, the owner or holder of said evidence of indebtedness shall have until June 30, 1936, in which to commence such action."

The title to the act is as follows:

"An act fixing due date of warrants issued in payment of obligations by counties, townships, school districts, cities, towns, and other municipal corporations or subdivisions of the State of Oklahoma, fixing and prescribing the time within which actions thereon may be commenced in the courts of this state; and declaring an emergency."

Plaintiff contends that the act does not apply to warrants issued before its effective date, and that if it does, it violates the provisions of the state and federal Constitutions prohibiting the passing of laws impairing the obligation of contracts. He argues that by the prior decisions of this court the due date of municipal warrants was held to be the date on which funds to pay them had accumulated, and that such rule of law entered into and became a part of the obligation of the warrants, which the Legislature cannot take away or impair.

On the other hand, the defendant contends that the act applies to warrants issued prior as well as subsequent to its enactment. He also argues that the act is in effect a statute of limitations and that there is no vested right in such a statute before the cause of action is barred under it, and that the Legislature may shorten it, provided a reasonable time is allowed after the passage of the act in which to bring an action.

1. It is a cardinal rule of statutory construction that it is the duty of the courts to ascertain and give effect to the intention of the Legislature as expressed in the statute (25 R. C. L. 960; State v. Sheldon [1929] 135 Okla. 278, 276 P. 468); and a statute should be given a construction which renders every word and sentence operative rather than one that renders some words or sentences idle and nugatory. State ex rel. v. Morley (1934) 168 Okla. 259, 34 P. 2d 258; 25 R. C. L. 1005. Where a statute contains a proviso, the main provisions and the proviso are to be read together with a view to carrying into effect the whole purpose of the law. 25 R. C. L. 986, 987.

Bearing in mind these rules of construction, we are of the opinion that the act applies to warrants issued prior as well as subsequent to its effective date. We do not believe the words "from and after the passage of this Act" can be construed as limiting the act to warrants issued in the future, as contended by the plaintiff. The rest of the statute down to the proviso is general. That the Legislature intended it to apply to prior warrants is made plain by the proviso which limited the preceding general language so as to give the holders of warrants issued prior to its enactment, who would otherwise be barred by the act, until June 30, 1936 (nearly 14 months after its passage) to file suit on such warrants. This is the proper function of a proviso. Hudson v. Hopkins (1919) 75 Okla. 260, 183 P. 507.

Nor is there anything in the title that indicates a contrary intent. The title is general and indicates that the act has to do with the due date of municipal warrants and the statute of limitations thereon. It satisfies the requirements of section 57, art. 5, of the state Constitution. Perry v. Carter (1935) 173 Okla. 267, 48 P. 2d 278.

2. Since we hold that the act applies to warrants issued prior to its enactment, the next question presented by the parties is whether as to such warrants it violates the federal and state Constitutions that forbid the passage of a law that impairs the obligation of contracts.

Prior to the enactment of this law there was no statute that fixed the due date of municipal warrants. We know of no decision of this court directly passing upon the question as to whether such warrants become due prior to the accumulation of a fund so as to authorize suit on such warrants. True, this court and the territorial Supreme Court has repeatedly held that a municipality may not successfully plead the statute of limitations on a warrant issued by it until a fund is accumulated to pay it. See Kansas City Southern R. Co. v. First Nat. Bank of Heavener (1935) 171 Okla. 472, 43 P. 2d 713, and cases there cited. But such decisions did not hold that the warrants were not due, or that an action could not be maintained thereon, prior to the accumulation of a fund for their payment. The date of maturity of municipal warrants has not been definitely established by the decisions of this court. The general rule that obtains in the other states, where the question has been passed upon, is that suit may be maintained on municipal warrants, and they may be reduced to judgment, prior to the accumulation of a fund to pay them. 44

C. J. 1175, and cases cited in note 97. In early decisions in some of the states, they were held payable on demand, and that an action might be maintained thereon when presented for payment and payment is refused. International Bank of St. Louis v. Franklin County, 65 Mo. 105; City of Connersville v. Connersville Hydraulic Co., 86 Ind. 184; Terry v. City of Milwaukee, 15 Wis. 490; Clark v. City of Des Moines, 19 Iowa, 199. But in King Iron Bridge & Mfg. Co. v. County of Otoe (1888) 124 U. S. 459, 8 S. Ct. 582, 31 L. Ed. 514, the United States Supreme Court, quoting and construing Nebraska statutes in substance identical with ours, held:

"If there is money in the treasury belonging to the fund against which it is to be drawn, not otherwise appropriated, it is the duty of the treasurer to pay the warrant; but if there be none he must indorse upon it the fact of its presentation, and nonpayment for want of funds, and the holder must wait for his money until such time as it can be raised through the means which the Legislature provides for the collection of revenue. Nor can any action rightfully be brought on such warrant until the fund is raised, or at least sufficient time has elapsed to enable the county to levy and collect it in the mode provided in the revenue laws."

This decision was quoted with approval by the territorial Supreme Court in Board of Com'rs of Greer County v. Clark & Courts (1902) 12 Okla. 197, 70 P. 206, and we believe it states the correct rule. If, as contended by plaintiff here, the due date of his warrant was the date on which a fund was accumulated for its payment, the obligation of the warrant might be seriously impaired, if not nullified, by the neglect or failure of the county officers to perform their duty. While this court has not specifically held that a cause of action accrued on a warrant at any definite date, where, as here, it contained no due date, it has numerous times considered cases brought on warrants prior to the accumulation of a fund to pay them, evidently accepting the rule laid down in the cases above mentioned. See City of Sulphur v. State ex rel. Lankford (1916) 62 Okla. 312, 162 P. 744; Murrell v. City of Sapulpa

(1931) 148 Okla. 16, 297 P. 241; Kansas City Southern Ry. Co. v. First Nat. Bank of Heavener (1935) 171 Okla. 472, 43 P. 2d 713. The above statute was apparently enacted for the purpose of defining the indefinite "sufficient time," within which the fund should be raised, referred to in King Iron Bridge & Mfg. Co. v. County of Otoe, supra, by fixing it at one year from the expiration of the fiscal year in which the warrant is issued. The proviso excepted from the operation thereof warrants which would be otherwise barred by its provisions, and gave the holders thereof an additional period within which to commence their action. As to plaintiff's warrant, the act simply made definite the due date that was otherwise indefinite, and prescribed a statute of limitations, which gave plaintiff more than two years, or until June 30, 1937, within which to bring an action upon his warrant. It is not contended that any provision in either the state or federal Constitution prevents the shortening of the period of limitations as much as is done by this statute. See 12 C. J. 979.

Nor does the statute impair the obligation of plaintiff's warrant in any way. In Home Building & Loan Ass'n v. Blaisdell, 290 U. S. 398, 88 A.L.R. 1481, Chief Justice Hughes, in an exhaustive review of cases dealing with this question, approved the statement in an earlier Supreme Court decision, that "it is competent for the states to change the form of the remedy, or to modify it otherwise, as they may see fit, provided no substantial right secured by the contract is thereby impaired."

It is well settled that the statute of limitations relates to the remedy and the enforcement of rights, and that the existing statute of limitations does not enter into and become a part of a contract, nor is there a vested right in such a statute, and "it is within the power of the Legislature to shorten the period of limitation, leaving always a reasonable time within which to invoke a remedy for a breach of contract, or to prolong the period of limitation, where the right to plead it has not accrued." 12

Am. Jur. page 89. See, also, 6 R.C.L. 367; 12 C. J. 978; 12 C. J. 1079; Mires v. Hogan (1920) 79 Okla. 233, 192 P. 811.

We conclude, therefore, that the statute applies to plaintiff's warrant, and that it does not unconstitutionally impair the obligation of the warrant.

Judgment reversed, with directions to dismiss the action.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. OSBORN, J., absent.