CITY OF HEALDTON ex rel. REWOLDT v. PICKENS et al.

No. 32570.   Nov. 23, 1948.

Rehearing Denied Jan. 8, 1949.

*201 P. 2d 796.*

Arnold T. Fleig, of Oklahoma City, for plaintiff in error.

George & George, of Ardmore, for defendants in error.

HURST, C. J.   This action was commenced on November 16, 1940, by the plaintiff, city of Healdton ex rel. Fred Rewoldt, trustee of the estate of Frederick Malzahn, deceased, against J. W. Pickens et al. to foreclose special assessment liens for street improvement purposes.   The bonds matured on October 1, 1935, and the cause of action accrued one year thereafter, or on October 1, 1936.   See City of Bristow v. Groom, 194 Okla. 384, 151 P. 2d 936. The defendants pleaded the statute of limitations and prayed that the assessment lien be canceled of record and their title quieted as against all claims of the plaintiff. The answer constituted, in effect, a cross-petition.   The plaintiff filed a reply denying generally the allegations of the answer and specifically denying that the action was barred by limitations. On September 21, 1945, the plaintiff dismissed its action, without prejudice, leaving the case still pending on the answer and reply.   At the trial on October 23, 1945, no evidence was introduced, but statements were made by counsel for each side, and are in the record, the defendants urging that since the plaintiff's cause of action was barred by the statute of

limitations, the special assessment lien was also barred and extinguished. The plaintiff admitted that the cause of action was barred, but denied that the lien was extinguished. Thereupon, the court announced his decision that "this action is barred by the statute of limitations, and that the lien of the paving assessments is therefore extinguished", and entered judgment accordingly. Plaintiff appeals.

Under the rule stated in City of Bristow v. Groom, above, the cause of action stated in plaintiff's petition was not barred on May 12, 1939, the day 11 O. S. 1941 §242 became effective. It would not have been barred by 12 O. S. 1941 §95(2) until October 1, 1939, or three years after the cause of action accrued. Section 95(2) is a general statute of limitations, while section 242 is a later special statute of limitations applying only to special assessment liens for street improvement purposes. The Legislature is presumed to have intended to substitute section 242 for section 95(2) in so far as it affected the special assessment liens here involved (50 Am. Jur. 564, §563), and while doing so it extended the period of limitations as to these liens until December 1, 1940, by the proviso to section 242. This it had the constitutional right to do as to liens not yet barred by section 95(2). See Case v. Pinnick, 186 Okla. 217, 97 P. 2d 58; 12 C. J. 1079, §758, and 12 Am. Jur. 89. It follows that, since this action was commenced prior to December 1, 1940, it was not barred by limitations, and the plaintiff acted under misapprehension in dismissing the action for that reason.

The decisive question, then, is whether the filing of the action before it was barred and the subsequent dismissal of it had the effect of preserving the liens. Plaintiff had the election of one of three remedies as provided in section 242, (1) to sue to foreclose the liens, (2) to give notice of election to accept refunding bonds, and (3) to compel by mandamus the foreclosure of the liens under the tax sale and resale laws. It elected the first remedy and then abandoned that remedy. It had the right to commence a new foreclosure action within one year after September 21, 1945, when the action failed otherwise than on the merits. 12 O. S. 1941 §100. Since the pendency of the cause on the answer and reply did not prevent the plaintiff from commencing a new foreclosure action, the one year statute was not tolled by their pendency. 54 C. J. S. 278; 34 Am. Jur. 194. Until that year expired, the lien could not be canceled, and the court committed error in canceling the liens, the judgment appealed from being rendered before the year expired. However, if no such new action was commenced and the one year limitation period was not otherwise tolled, the liens no longer exist and are subject to cancellation. Baccus v. Banks, 199 Okla. 647, 192 P. 2d 683. This question is for determination after the cause is remanded.

Reversed for further proceedings in conformity with the views herein expressed.

DAVISON, V. C. J., and RILEY, BAYLESS, CORN, and LUTTRELL, JJ., concur. WELCH, GIBSON, and ARNOLD, JJ., dissent.

Rehearing Denied Jan. 8, 1949.