## NORTH et al. v. HANING.

No. 33748.   Nov. 14, 1950.

Rehearing Denied Jan. 23, 1951.

Second Petition for Rehearing
Denied March 27, 1951.

*229 P. 2d 574.*

Banker & Bonds, Muskogee, and Carver & Cook, Wewoka, for plaintiffs in error.

James F. Haning and Richard S. Roberts, Wewoka, for defendant in error.

WELCH, J. This action was commenced by James F. Haning against S. N. North and others to quiet title to certain lots located in the city of Wewoka. The plaintiff in petition alleged possession of the lots and ownership thereof under and virtue of a certain county commissioner's deed thereto; that defendants claim liens against the property as owners or trustees of owners of certain street improvement bonds, and as beneficiaries under a judgment against the property for foreclosure of the liens of special assessments levied against the property for the payments of said bonds. The plaintiff averred that more than six years expired after the rendition of judgment foreclosing such liens and that during such period no execution on the judgment was issued and no application or order for a revivor of the judgment was made. Plaintiff asserted that said judgment became dormant and extinguished by operation of law, and further that the liens of the unpaid assessments against the property are barred, expired and extinguished by operation of law and under 11 O. S. 1941 §242. Plaintiff prayed judgment against the defendants quieting his title to the real estate against the lien of the special assessments and the street improvement bonds and the former judgment for foreclosure of the assessment liens.

The defendants named as bondholders in the plaintiff's petition filed answers and challenged the proposition of law asserted by the plaintiff.

The case was presented to the trial court upon a stipulation by the parties of the truthfulness of the statements of fact as set out and shown in the pleadings and attached exhibits.

The plaintiff's possession and ownership of the real estate mentioned was shown and admitted. The record reflects that the bonds mentioned, bonds of improvement district No. 11 of the city of Wewoka, were issued on January 7, 1928, and matured in October, 1938. In August, 1940, a suit was commenced for the foreclosure of the liens of unpaid assessments resulting in a judgment entered on April 4, 1941, wherein there was determined the amount of the unpaid assessments due and constituting a lien against the property here involved. It was decreed that the plaintiff therein, trustee of the bondholders, was entitled to a foreclosure

of the lien and that if the amount of the assessments as found was not paid within six months an order of sale should issue by the court clerk directing sale of the property to satisfy such assessments.

It is noted from the pleadings and stipulation that six years elapsed after entry of the judgment and no order of sale was issued and no order reviving the judgment was entered.

Herein judgment was rendered for the plaintiff quieting title to the real estate and against the unpaid assessment liens and against the judgment for the foreclosure of the assessment liens.

Defendants, in appeal, assert that "revivor of the foreclosure judgment was not necessary" and that the "enforcement of the paving liens are not barred by limitations."

The question first presented concerns the applicability of 12 O. S. 1941 §735, as affecting the foreclosure judgment. The section reads:

"If execution shall not be sued out within five years after the date of any judgment that now is or may hereafter be rendered, in any court of record in this State, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor: Provided that this section shall not apply to judgments against municipalities."

The action for foreclosure of the assessment lien was brought under the provisions of 11 O. S. 1941 §107. Section 107 was enacted in 1923 and provides that any holder of any street improvement bond issued under the provisions of that act shall have the right to institute, in the name of the city or town issuing such bond, an action in the district court to foreclose the lien of the special assessments made for the payment of such bond whenever the assessment is delinquent for the stated period. It is provided that all owners or encumbrancers of the assessed property shall be made parties defendant in said suit. A necessary averment of the petition is ownership of such bond and description of the property assessed and the amount of the unpaid delinquent assessments and dates of such delinquencies. It is provided that summons shall be issued on such petition as in other civil actions and the cause tried by said district court, and that judgment may be entered thereon for the amount of such unpaid assessments and interest. It is provided that in the event said judgment, together with interest and cost, is not paid within six months after the date of the rendition thereof, an order of sale shall issue directing sale of the property and providing the proceeds after payment of costs shall be used in the payment of the bonds.

In statutory definition "a judgment is the final determination of the rights of the parties in an action." 12 O. S. 1941 §681.

In 12 O. S. 1941 §§731 and 732, it is declared:

"Execution shall be deemed process of the court, and shall be issued by the clerk, and directed to the sheriff of the county. They may be directed to different counties at the same time.

"Executions are of three kinds:

"First, against the property of the judgment debtor.

"Second, for the delivery of possession of real or personal property, with damages for withholding the same, and costs.

"Third, executions in special cases."

The enforcement of the lien of an assessment by action under section 107, supra, requires a judicial determination of the amount of the unpaid delinquent assessment as a basis for the foreclosure of the lien and constitutes a judicial determination of the amount required in redemption of the property

from the lien. This determination with decree that if there has been no redemption of the property within six months the plaintiff therein is entitled to have sale of the property under process of the court and have application of the proceeds to payment of the bonds obviously constitutes a final determination of the rights of the parties in the action. Clearly, such judicial pronouncement is a judgment within the meaning of that term as defined by statute. The effectiveness of the judicial pronouncement rests on the special execution authorized by the statutes. Without provision for order of sale or special execution and judicial determination of the bondholder's right to such special execution, there could be no enforcement of the assessment lien by action such as provided by section 107.

We think it clear that the intent and purpose of section 735 was to require that when there has been a final determination of the rights of the parties in an action, that there shall be an exercise of such rights as determined within five years, or that said rights shall become dormant and may not be exercised, or more specific, that when there has been a final determination of the rights of the parties in an action which includes a right to have issue of the process of the court against the estate of any person, or against a particular property, that upon a failure to have such general or special execution issue within five years, the right to such process shall be lost. It is to be noted that in the terms of the section there is but one express exception of the inapplicability of the section and that is as to judgments against municipalities, and that it is otherwise provided by statute that no person shall have a right of execution against a municipality.

It is the contention of the defendants herein that section 735 has application only to judgments in personam.

There is no language in the section of such an import or such as to require that the section be given such limited application, nor do we find in accompanying acts of the Legislature any language reflecting an intendment, or to the effect that said section 735 should not apply to a judgment in rem.

With the advent of statehood general statute of limitations were adopted limiting the time in which various remedies for the enforcement of private rights must be exercised or become unenforceable. It is apparent that the intent and purpose of such regulation was to require that the various claims against persons and property as mentioned therein be asserted in a governmental forum within a reasonable time or in effect be surrendered as unenforceable.

In the adoption of a general dormancy statute, as section 735, it is apparent that the intent and purpose was to require that when a claim became established in a court of record, and if against a person and not voluntarily discharged, or if against property, that the claim must be enforced under the process of the court as is provided within five years, or right to such process should cease.

In the general statutes of limitations it is provided that an action on a "liability created by statute" is barred after three years from accrual of the cause of action.

An action to foreclose a special assessment lien is such an action. See 12 O. S. 1941 §95(2), and City of Bristow ex rel. Hedges v. Groom, 194 Okla. 384, 151 P. 2d 936. In an act of the Legislature of 1939 containing specific reference to actions for the foreclosure of special assessment liens there was provided a time limit on the right to pursue such remedy. 11 O. S. 1941 §242.

We think the statutes of limitations on action, and the dormancy statute as applies to judgments, are parts of one general scheme of the Legislature which was to foster the bringing to satisfaction or to an ultimate end the

private claims of a person against another, or against the property of another.

In this consideration and in the light of the limitation on the right to commence an action under section 107, and in the absence of an express exception in section 735, we hold that a judgment pursuant to section 107 and the rights thereunder are subject to the provisions of section 735.

In Bartlett Mortgage Co. v. Morrison, 183 Okla. 214, 81 P. 2d 318, it was held that section 735 governs the life of a judgment in a foreclosure action, and the five-year period therein begins to run as of the date of the judgment rendered in an action pursuant to 12 O. S. 1941 §686. The case involved an action for the enforcement of a mortgage lien under section 686. In the body of the opinion in reference to section 735 it was said:

"This section requires the issuance of an execution on any judgment, which would include foreclosure judgments, within five years after it is rendered. . . ."

Although in that case the judgment for foreclosure included a judgment in personam and against the mortgagor defendants such is not necessarily a basis for distinction in application of section 735. We adopt the holding and quoted expression from the Bartlett case as applicable to a judgment rendered in an action pursuant to 11 O. S. 1941 §107, or for the enforcement of a special lien.

We are not unmindful that in Anderson v. Barr, 178 Okla. 508, 62 P. 2d 1242, and in Methvin v. American Savings & Loan Ass'n, 194 Okla. 288, 151 P. 2d 370, there are expressions to the effect that section 735 does not apply to a decree of foreclosure, albeit the expression in the Anderson case was not in determination of an issue in that case. In these cases the discussion concerned a judgment rendered in an action for the foreclosure of a mortgage lien. In the Methvin case it was said in paragraphs 10 and 11 of the syllabus:

"A mortgage lien on real estate is not merged into a decree of foreclosure, nor is it extinguished by the mere rendition of a decree of foreclosure.

"A mere decree of foreclosure is not such a judgment as would become dormant unless execution was issued as required by 12 O. S. 1941 §735."

In so far as the above last stated general rule from the Methvin case is in conflict with the views we have expressed herein, the said general rule is overruled, and likewise the expressions in dicta in the Anderson case are disavowed.

It is suggested by the defendants herein that an assessment lien on real estate is not merged into a decree of foreclosure nor extinguished by the rendition of a decree for foreclosure thereof. The suggestion is presented as a basis of a contention that section 735 does not apply to such decree or judgment. Reference is made to an expression in the section that a dormant judgment ". . . shall cease to operate as a lien on the estate of the judgment debtor" as indicative that the section has application only to judgments in personam.

The clause of the section "and shall cease to operate as a lien on the estate of the judgment debtor," undoubtedly refers to an effect on a personal judgment, but such clause appears as declaratory of the effect of dormancy on a particular kind of judgment in terms of inclusion of the application of the section to said judgment, and not in terms of exclusion of application of the section to other kinds of judgments.

An essential quality of a decree for foreclosure of an assessment lien and a part of the judgment is that the plaintiff is entitled to process of court or order of sale after six months. Undoubtedly such judgment is one to which section 735 may be given application in that after such definite time such special execution may be sued out.

Under section 735, five years having elapsed after date of the judgment without order of sale having been issued, the judgment becomes dormant with an effect that such special execution may not thereafter issue unless the judgment is revived. Upon dormancy of such judgment in practical effect it matters not whether the assessment lien as a creature of statute has continued existence after the judgment, unless it may otherwise be enforced for it may not be enforced under the judgment and the remedy as provided in section 107 has become lost.

Herein more than six years elapsed after the judgment for foreclosure of the lien of the assessments and no order of sale was issued or order of revivor of the judgment entered. At the end of five years after judgment the judgment became dormant. At the end of one year thereafter there could be no revivor of the judgment. 12 O. S. 1941 §1078, and the reference therein to 1071. Bartlett Mortgage Co. v. Morrison, supra. Under the circumstances herein, and in the purview of section 735, supra, and 11 O. S. 1941 §242, the trial court held the judgment canceled as a cloud on the plaintiff's title to the real estate and the assessments or bonds canceled as representing any lien against said real estate.

The defendants contend that although the dormancy statute be applied to the judgment for foreclosure the assessment liens were not merged into the judgment or extinguished by rendition of the judgment and the effect of dormancy of the judgment did not extinguish such liens and therefore the court erred in its judgment for cancellation of the liens of the defendant bondholders.

The contention does not take into account the force and effect of section 242, supra, as applied to all the facts in the case. The section, enacted in 1939, reads in part as follows:

"From and after the effective date of this Act, the right of any holder to enforce the lien of any 'Street Improvement Bond' issued under authority of Chapter 10, Article 12, Oklahoma Revised Laws of 1910, or of any 'Street Improvement Bond' or 'Refunding Street Improvement Bond' issued under any authority contained in Chapter 33, Article 14, Oklahoma Statutes of 1931, and statute supplementary and amendatory thereto, by foreclosure, mandamus, refunding or otherwise, shall be barred upon the expiration of three years immediately following the maturity date named in the face of such bond, unless the holder of any such bond shall have commenced suit to foreclose his lien by filing an action for that purpose and procuring service of summons therein or shall have evidenced his willingness to accept Street Improvement Refunding Bonds issued under the provisions of this Act, in exchange therefor, prior to the expiration of said three year period of limitation; Provided, however, that in all cases where the period of limitation herein mentioned has expired or will expire prior to November 1, 1939, the holder of such bonds shall have until December 1, 1940, in which to pursue his remedy or obtain the benefits of this Act. The running of the period of limitation herein fixed shall be an absolute bar to any action or proceeding brought thereafter, whether the same is plead as a defense or not, and the property against which such bonds theretofore represented a lien shall thereafter be, by operation of law, absolved of any lien or liability on account of said bonds."

The maturity date named in the face of the bonds here involved was October 7, 1938. Under the statute, supra, the holder of any such bond within three years of said maturity date could elect one of three remedies for the enforcement of his special assessment lien; (1) to sue to foreclose the lien, (2) to give notice of election to accept refunding bonds, or (3) to compel by mandamus the foreclosure of the liens under the tax sale and resale laws. City of Healdton ex rel. Rewoldt v. Pickens et al., 201 Okla. 85, 201 P. 2d 796. Oth-

erwise, or upon failure to timely elect and pursue one of the three remedies the assessed property by operation of law became absolved of any lien or liability on account of said bonds. Baccus v. Banks, 199 Okla. 647, 192 P. 2d 683.

The election of the defendant bondholders herein, to sue to foreclose and the pursuit of that action to judgment, is evidence, if not conclusive, at least sufficient, to establish that none of the other remedies for enforcement of the liens was being maintained at the time of the instant action and had not been commenced within three years of maturity of the bonds.

The statute, section 107, supra, which gives a bondholder the right to institute an action to foreclose an assessment lien provides:

"Upon the institution of an action to collect delinquent and unpaid assessments in any paving district against property liable therefor, no other or further action shall be instituted and maintained to collect such delinquent assessment against said property for said year."

Under the statute, when all assessments for all years have become due and the bonds have matured and an action to foreclose has been instituted and has proceeded to judgment, any other or further action to collect such assessment is precluded.

In the City of Healdton case, supra, in the second paragraph of the syllabus, it was held:

"Where under 11 O. S. 1941 §242, a paving bondholder could elect one of three remedies for the enforcement of his special assessment lien by a designated date, and elected the remedy of suit to foreclose and thereafter dismissed his action after the limitation period had run, he had one year after the dismissal to commence a new action under 12 O. S. 1941 §100, and it was error for the court to cancel the lien before the expiration of the year. However, if he failed to timely commence the new action, his lien ceased to exist, and was subject to cancellation."

It is thus in effect held that although an owner of bonds has timely elected to pursue one of the three remedies for the enforcement of his special assessment lien when such remedy has failed at the fault of the bondholder, the effectiveness of such election and action thereon in toll of the period of limitations mentioned in section 242 is lost, with the running of the period of limitation fixed by section 242, the property against which such bonds theretofore represented a lien, by operation of law, becomes absolved of any lien or liability because of said bonds. As we have noted, a judgment for foreclosure in dormancy and beyond revivor in effect constitutes a failure of the action for foreclosure.

In this view of the meaning and effect of 11 O. S. 1941 §242 and 12 O. S. 1941 §735, as hereinabove stated, and as applied to the undisputed facts herein, proper judgment for the plaintiff was entered herein.

The judgment is affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J. dissents.