Florence L. DUKE, Maurine D. Rowe and Anton Slepke, Plaintiffs In Error,

v.

TOWN OF OKEMAH, Oklahoma, ex rel. G. E. CLOWERS, Treasurer of the Town of Okemah, Oklahoma, and J. Walter Long, Jr., Defendants In Error.

No. 36346.

Supreme Court of Oklahoma.

Sept. 27, 1955.

Dwight Tolle, Okemah, for plaintiffs in error.

Arthur Cochran, Okemah, J. Walter Long, Jr., Dallas, Tex., for defendants in error.

PER CURIAM.

This action was commenced in the District Court of Okfuskee County on August 28, 1952, by plaintiffs, holders of refunding street improvement bonds, to foreclose the lien created by such bonds against the property of defendants.

The case was tried on an agreed statement of facts. The original bonds were issued on April 28, 1921, by the Town of Okemah under the provisions of Revised Laws of 1910, Chapter 10, Article 12, § 608 et seq.; the refunding bonds were issued on July 20, 1940; the refunding bonds, as stated on the face of the bonds, were payable in ten annual installments falling due on the 1st day of September each year from 1940 to 1949, inclusive, and the maturity date of the bonds was named as October 1, 1949. These refunding bonds were issued under Laws 1927, Chapter 93, page 153, Section 17, as amended, Chapter 33, Art. 14, Sec. 6252 et seq., O.S.1931, 11 O.S.A. § 221 et seq. No installment was paid on the due date and at the time of trial it was stipulated that the bonds were delinquent and unpaid. No question was raised either as to the validity of the original bonds or the refunding bonds, the sole contention of defendants being that the cause was barred by statute limitations. The court entered judgment in favor of plaintiffs establishing and foreclosing the liens on the property of defendants, from which judgment defendants have perfected this appeal.

Defendants contend that inasmuch as the act under which these refunding bonds were issued contains an acceleration clause which permits the holder of the bonds to institute an action to foreclose the lien of the reassessment upon the failure to pay any installment levied, and by filing such action all unmatured installments immediately become due and payable, that plaintiffs' cause of action accrued when the first installment became due and was unpaid, on September 1, 1940; that inasmuch as this was a liability created by statute, the applicable statute of limitations is 12 O.S.1951 § 95, subd. 2, and plaintiff's cause of action was barred after three years from September 1, 1940.

The general statutes of limitations provide that civil actions can only be commenced within the periods provided in those sections except where, "in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation" 12 O.S.1951 § 92. At the time these refunding bonds in question were issued, Laws 1939, p. 156, Sec. 1, now appearing as 11 O.S.1951 § 242, was

in force and effect. That section provides:

"From and after the effective date of this Act, the right of any holder to enforce the lien of any 'Street Improvement Bond' issued under authority of Chapter 10, Article 12, Oklahoma Revised Laws of 1910, or of any 'Street Improvement Bond' or 'Refunding Street Improvement Bond' issued under any authority contained in Chapter 33, Article 14, Oklahoma Statutes of 1931, and statutes supplementary and amendatory thereto, by foreclosure, mandamus, refunding or otherwise, shall be barred upon the expiration of three years immediately following the *maturity* date named in the face of such bond * * *."

Inasmuch as these refunding bonds here in question were issued under authority contained in Chapter 33, Article 14, O.S. 1931, and statutes supplementary and amendatory thereto, the limitation quoted above, and not the general statute of limitation, 12 O.S.1951, Sec. 95, subd. 2, applies. North v. Haning, 204 Okl. 321, 229 P.2d 574. The case of City of Bristow ex rel. Hedges v. Groom, 194 Okl. 384, 151 P.2d 936, relied on by defendants to sustain their contention, is not in point here because in that case the cause of action on the bonds was already barred by Section 95, subd. 2, supra (at that time the only statute of limitation applicable) prior to the enactment of the 1939 act, quoted supra, and therefore could not be affected by that act.

The 1939 act, supra, specifically provides that the cause of action is not barred until the expiration of three years immediately following the *maturity date* named in the face of such bond. This action was commenced on August 28, 1952, which was within the three year period immediately following the maturity date of the bonds, October 1, 1949.

Affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioner in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease and approved by Commissioners Jean R. Reed and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.