## THE PENNSYLVANIA COMPANY v. GOOD.

[No. 8,065. Filed December 19, 1913. Rehearing denied May 22, 1914. Transfer denied June 30, 1914.]

1. MASTER AND SERVANT. — *Contract of Employment. — Breach.* — The discharge of a servant employed for life under a valid contract is a breach of such contract. p. 564.

2. MASTER AND SERVANT. — *Contract of Employment. — Breach. — Remedies.* — On the master's breach of a contract of employment with a servant by the discharge of the servant, the latter may treat the contract as subsisting, hold himself in readiness to perform and sue for the wages due him, or he may treat it as terminated and sue at once for the entire damages resulting from the breach. p. 564.

3. CONTRACTS.—*Breach.—Limitation of Actions.*—The cause of action for breach of a contract accrues at the time the breach occurs and the statute of limitations begins to run from that date. p. 564.

4. MASTER AND SERVANT.— *Contract of Employment.— Breach.— Action for Wages.—Limitation of Actions.*—Where a servant discharged from his employment under a contract with the master, elects to treat the contract as still subsisting and to sue for his wages, the cause of action as to each installment of wages accrues at the time when such installment is due and payable by the terms of the contract. p. 564.

5. MASTER AND SERVANT.— *Contract of Employment.— Breach.— Limitation of Actions.*—Where a servant was wrongfully discharged from his employment under a contract with the master, his right of action for the breach accrued at the time of the breach and the statute of limitations began to run from that date, and not from the time of his election to treat the contract as terminated and to sue for the breach. p. 565.

6. LIMITATION OF ACTIONS.— *Tolling Statute.— Commencement of Action.—Dismissal.—New Action.*—Section 301 Burns 1914, §299 R. S. 1881, providing that, if, after commencement of an action, the plaintiff fail therein from any cause, except negligence in the prosecution, a new action may be brought within five years after such determination, and be deemed a continuation of the first action, does not toll the statute of limitations to protect a plaintiff who voluntarily dismissed his former action because he thought certain rulings of the court were erroneous, since he can not be said to have failed to obtain a decision on the merits within the meaning of the statute. p. 565.

7. APPEAL.—*Review.*—*Issues.*—*Evidence.*—*Verdict.*—Where an affirmative answer in confession and avoidance is established by undisputed evidence, a verdict for plaintiff will be set aside on the ground of insufficient evidence, even though the evidence sustains every material allegation of the complaint. p. 568.

From Marion Circuit Court (17,030); *Charles Remster,* Judge.

Action by John S. Good against the Pennsylvania Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Samuel O. Pickens* and *Owen Pickens,* for appellant.
*George W. Galvin,* for appellee.

LAIRY, C. J.—In this case appellee recovered a judgment against appellant for damages claimed as a result of the breach of a parol contract of employment. As shown by the complaint the contract upon which the action is based was entered into between the appellee and appellant in the year 1882, at a time when appellee had sustained an injury while in the employ of appellant and was making a claim against it for damages on account of such injury. It is claimed by appellee that as a compromise and settlement of the claim for damages he was making against the company, appellant proposed to give him permanent employment and to secure to him a life position suited to his capacity in connection with the road which it operated, and to pay him as compensation for services to be so rendered thirty dollars per month for each month of twenty-six days of eleven hours each. Appellee further claims that he accepted this position and released all claims for damages against appellant and entered its employment under such contract in the capacity of a watchman at a crossing; that he continued to work in such capacity at Franklin and at Indianapolis, to which place he was transferred, until he was discharged; that he was discharged without cause; and that appellant has since such discharge refused to furnish him any employment.

By the second paragraph of answer appellant set up the six-year statute of limitations as a bar to appellee's action. The brief of appellant presents no question as to the sufficiency of the pleadings and the only questions properly presented arise upon the action of the court in overruling appellant's motion for a new trial.

As bearing upon the issue presented by the second paragraph of answer and the reply thereto, the evidence shows without dispute that appellee was discharged from the service of appellant on May 22, 1902, and it was admitted at the trial that the complaint in this case was not filed until August, 1908. If appellant was bound by a valid contract to furnish employment to appellee for life, a discharge of appellee without cause would amount to a breach of such contract. Upon such a breach appellee had a right to pursue either of two remedies. He might treat the contract as still subsisting, hold himself in readiness to perform and sue on the contract for the wages due him thereunder, or he could treat the contract as terminated by the breach and sue at once for the entire damages resulting to him from such breach. *Richardson* v. *Eagle Machine Works* (1881), 78 Ind. 422, 41 Am. Rep. 584; *French* v. *Cunningham* (1898), 149 Ind. 632, 49 N. E. 797. The cause of action for a breach of a contract accrues at the time the breach occurs and the statue of limitations begins to run from that date. If appellee had elected to treat the contract as still subsisting, and to sue under it for his wages, his cause of action as to each installment of such wages would have accrued at the time when such installment was due and payable by the terms of the contract, and the statute of limitations as to each installment would run from the time it became due.

In this case appellee elected to treat the contract of employment as terminated by his discharge and to sue for the entire damage resulting to him. This right of action accrued

on the date of his discharge and the statute of limitations expired on May 22, 1908. It appears from the evidence that in 1904, an action was commenced by appellee against appellant in Marion County and taken on a change of venue to the Boone Circuit Court. Appellee's attorney testified that after a partial trial of this case, he dismissed it on May 19, 1908, because of erroneous rulings of the court. Appellee insists with apparent sincerity that the statute of limitations did not begin to run against his cause of action until the date of the commencement of this first action. In support of this view it is stated that prior to the commencement of this action appellee had been engaged in some negotiations with appellant by which he was seeking to be reinstated in his former position and that he did not elect to treat the contract as terminated until the time when he brought the first action. Appellee's position is that the statute began to run at the time he elected to treat the contract as terminated and not at the time appellant committed a breach of the contract by discharging him. The mere statement of the proposition is sufficient to refute it. When appellant discharged appellee it committed a breach of the contract. A cause of action in favor of appellee at once arose and it only remained for him to elect which remedy he would pursue. If he elected a remedy which required him to proceed upon the theory that the contract of employment was terminated by his discharge, the date of such discharge would mark the time when such cause of action accrued without regard to the time when such election was made.

The attention of the court is called to a statute of this State which reads as follows: "If, after the commencement of an action, the plaintiff fail therein, from any cause except negligence in the prosecution; or the action abate, or be defeated by the death of a party; or judgment be arrested or reversed on appeal, a new action may be brought within five years after such determination,

and be deemed a continuation of the first, for the purposes herein contemplated." §301 Burns 1914, §299 R. S. 1881. On behalf of appellee it is asserted that the facts shown by the evidence bring this case within the provisions of the statute quoted, that the first action was brought before the statute of limitations had run, that appellee failed therein from some cause other than negligence in its prosecution, that the present action was brought within five years after the termination of the first, and that it should be treated as a continuation of the first action. At common law suits frequently failed of a decision on their merits on account of some matter of form. In such cases the plaintiff was permitted within a reasonable time to sue out a new writ and such renewal suit was deemed a continuation of the first. The time which was reasonable for such purpose was computed theoretically with reference to the number of days required for plaintiff to journey to the place where the court was held and hence the name "Journey's Account." *Spencer's Case* (1603), 6 Coke 10; *Elslob* v. *Thorowgood* (1694), 1 Ld. Raym. 283; 25 Cyc. 1913. This ancient remedy is not now recognized in this country but in lieu thereof statutes have been passed in nearly all of the states providing for a renewal of actions which have failed on account of some matter not involving the merits. These statutes do not contemplate a renewal or continuance of the former suit as at common law under Journey's Account, but that a new and distinct suit shall be commenced which shall be treated as a continuation of such former suit. The statutes of the several states on this subject differ greatly in their scope, and the decisions construing such statutes are largely controlled by the form and scope of the statutes in reference to which they were rendered. It would not be profitable to attempt a review of the statutes of the several states, or to reconcile the decisions rendered thereunder. The evident purpose of statutes such as ours is to reach those cases where a suit is brought and the plaintiff from some cause other

than negligence in its prosecution fails to obtain a decision on the merits. 25 Cyc. 1314. A plaintiff who voluntarily dismisses his action cannot be said to have failed to obtain a decision on the merits. A plaintiff cannot be said to "fail" within the meaning of this statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith and fails upon some question which does not involve the merits of his case, and, if such failure is not due to negligence in its prosecution, the statute may be held to apply. .Siegfried v. New York, etc., R. Co. (1893), 50 Ohio St. 294. The general doctrine is well established that a properly instituted claim voluntarily abandoned cannot be made available in a subsequent action to save it from the operation of the statute of limitations. Alexander v. Pendleton (1814), 8 Cranch 462, 3 L. Ed. 624; Ivins v. Schooley (1841), 18 N. J. L. 269; Harris v. Dennis (1814), 1 Serg. & R. *236; Hardin v. Cass County (1890), 42 Fed. 652; Siegfried v. New York, etc., R. Co., supra; Hayes v. Stewart (1851), 23 Vt. 622.

In the case of Null v. White Water, etc., Co. (1853), 4 Ind. 431, a construction was placed upon §218 of an act passed in 1852, 2 R. S. 1852 p. 77. This action is identical with the section now under consideration. The court in that case held that a properly instituted claim voluntarily abandoned could not be made available under the statute in a subsequent action to save it from the operation of the statute of limitations. To the same effect are the decisions of other courts in states having statutes similar to ours. Pardey v. Town of Mechanicsville (1897), 101 Iowa 266, 70 N. W. 189; Archer v. Chicago, etc., R. Co. (1885), 65 Iowa 611, 22 N. W. 894; Cumming v. Jacobs (1881), 130 Mass. 419; Harris v. Dennis, supra. Any decision which may be found at variance with the principle here announced depends upon statutes essentially different from ours. Our statute was not intended to authorize a person to toll the statute of limitations by commencing an action and after-

ward dismissing it. According to the undisputed evidence in this case, plaintiff was not forced to dismiss the former action. He was of the opinion that certain rulings of the court were erroneous and for that reason he chose to dismiss his case. An appeal is provided for the purpose of correcting erroneous rulings of the trial court. It was the duty of plaintiff to pursue that remedy and if he chose rather to dismiss his case he must be held to have voluntarily abandoned it.

Where an affirmative answer in confession and avoidance is established by undisputed evidence a verdict in favor of plaintiff will be set aside upon the ground that it 7. is not sustained by the evidence, even though there is evidence to sustain every material allegation of the complaint. The undisputed evidence shows that plaintiff's cause of action was barred by the statute of limitations, therefore, the verdict of the jury was not sustained by sufficient evidence and a new trial should have been granted for this reason. Judgment reversed with directions to sustain appellant's motion for a new trial.

NOTE.—Reported in 103 N. E. 672. As to the choice of remedies given servant for wrongful discharge, see 51 Am. St. 515. As to the remedy of a wrongfully discharged servant by action for damages for breach of contract, see 6 L. R. A. (N. S.) 49. On the right of a wrongfully discharged servant to recover wages for contract period subsequent to discharge, see 5 L. R. A. (N. S.) 439; 28 L. R. A. (N. S.) 577. On the question of the right to service reward or bonus, of servant discharged without cause before stipulated term of service see 44 L. R. A. (N. S.) 1214. As to the right of a servant to recover wages subsequent to a wrongful dismissal, see 13 Ann. Cas. 112; Ann. Cas. 1912 B 365. See, also, under (1) 26 Cyc. 991; (2) 26 Cyc. 998; (3) 25 Cyc. 1068; (4) 25 Cyc. 1106; (5) 25 Cyc. 1075; (6) 25 Cyc. 1313; (7) 3 Cyc. 352.