**Daniel L. KOHLMAN, Appellant (Plaintiff Below),**

v.

**Sam FINKELSTEIN, Appellee (Defendant Below).**

No. 4–785 A 178.

Court of Appeals of Indiana, Fourth District.

June 25, 1987.

Rehearing Denied Aug. 18, 1987.

Michael Eoff, Indianapolis, for appellant.

Thomas D. Mantel, Richard L. Darst, Mantel, Mantel & Reiswerg, Indianapolis, for appellee.

MILLER, Judge.

In this landlord-tenant squabble, tenant Daniel Kohlman claimed landlord Sam Finkelstein converted his personal property located in a building owned by Finkelstein after Kohlman's eviction. Kohlman first filed his complaint in Marion Municipal Court where the jurisdictional limit at that time was $12,500. While this suit was pending—but after the two-year statute of limitations had expired—Kohlman amended his municipal court complaint, requesting

damages in excess of the jurisdictional limit and, without any action by Finkelstein or the court, moved to dismiss the complaint. When he refiled the action in Marion Superior Court, which had no monetary jurisdictional limit, the trial court granted Finkelstein's motion for judgment on the pleadings for the stated reason that the statute of limitations had expired. We agree and affirm.

ISSUES

The consolidated issues presented by Kohlman are:

1. The primary issue in this case is whether Kohlman's superior court complaint was timely filed through the preservation of his cause of action by the Journey's Account statute.

2. Whether he was denied a fair hearing on the motion for judgment on the pleadings when Finkelstein filed his reply brief pertaining thereto on the day of hearing; and

3. Whether Finkelstein's statute of limitations defense was untimely, having been filed over two years after Kohlman filed his complaint.

FACTS

On May 21, 1981, Kohlman filed suit in Marion Municipal Court against Finkelstein for conversion of personal business property used in Kohlman's pizza enterprise located in a building owned by Finkelstein. Kohlman alleged Finkelstein locked him out of the premises in July, 1979, but refused to return his pizza-making equipment and materials. His complaint requested damages in the sum of $2,430.82. Kohlman later amended his complaint, seeking damages in excess of the municipal court's jurisdictional limit.[1] As a result of the apparent lack of jurisdiction, he moved to dismiss the case. The municipal court granted the dismissal, without prejudice, on September 29, 1982, and Kohlman refiled his cause in Marion Superior Court on Oc-

---

1. Nowhere in the record can we find Kohlman's amended municipal court complaint. However, evidently it was the same as his superior court complaint which requested trebled actual dam- ages totalling $16,461.18, punitive damages in the sum of $5,043.76, special damages of $1,900 plus costs and attorney's fees.

tober 4, 1982, where there exists no monetary limit on recovery. On October 25, Kohlman amended his superior court complaint to add a rhetorical paragraph which set forth the passage through and dismissal of his claim in the municipal court.

Finkelstein eventually answered Kohlman's complaint, which answer curiously denied Kohlman's paragraph regarding the municipal court proceeding. Substantial discovery ensued until January 15, 1985, when Finkelstein moved to file an amendment to his answer, raising a statute of limitations defense. After the trial court granted the amendment motion the next day, Finkelstein moved for judgment on the pleadings on January 25, on the basis of his statute of limitations defense. The trial court held a hearing on February 19, at which time Finkelstein introduced into evidence, without objection, certified copies of Kohlman's municipal court complaint and the municipal court's minutes showing the course of the proceedings through dismissal. The trial court then granted Finkelstein's motion and entered judgment on findings of fact and conclusions of law. Kohlman's motion to correct error thereon was denied, and he now appeals to us.

## DECISION

### Reply Brief Filed on Date of Hearing

■ Before addressing the primary issue in this case, regarding the effect of the Journey's Account Statute on Kohlman's superior court complaint, we must dispense with the two minor matters raised by Kohlman's brief. Kohlman first complains he was denied a fair hearing on Finkelstein's motion for judgment on the pleadings when Finkelstein filed a reply brief the day of the hearing. To get a better perspective, we back up slightly and see that Finkelstein filed a "Memorandum in Support of Motion for Judgment on the Pleadings" on January 25, the same day he filed his motion. Kohlman filed his "Plaintiff's Brief in Opposition" on February 11, answering Finkelstein's legal contentions in an extensive fashion. Finkelstein's "reply brief" in response essentially reiterated the arguments presented in his original memoran-

dum. Kohlman now argues he was prejudiced because the filing of the reply brief is not contemplated by the local trial rules under the circumstances, Marion Superior Court Rule 5(C), and that such procedural irregularity prejudiced his case because he was unable to respond to Finkelstein's legal authorities. However, this argument's lack of cogency and supporting citation to authority constitutes a waiver of the issue. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7); *Ohio Valley Gas, Inc. v. Blackburn* (1983), Ind.App., 445 N.E.2d 1378. Besides, we fail to see how Kohlman could have been prejudiced when no new issues were presented in the reply brief. He obviously failed to likewise perceive prejudice at the time for we see no mention in the record of any objection or motion for continuance when the hearing was convened. Kohlman's minimal argument to the contrary is to no avail.

### Finkelstein's Delay in Raising Statute of Limitations Issue

■ The other secondary issue in this case is Kohlman's allegation that Finkelstein is estopped to raise or has waived his statute of limitations defense in his motion for judgment on the pleadings. He argues Finkelstein unconscionably filed pleadings and other papers and entertained numerous discovery proceedings for two years after Kohlman's complaint was filed before raising the defense. Kohlman claims these actions were "representations" that Finkelstein considered Kohlman's pleadings valid and that he cannot now repudiate it by belatedly interposing a defense that was apparent from the start. Be that as it may, this court has only recently ruled on the issue contrary to Kohlman's claims.

■ In *Honeywell, Inc. v. Wilson* (1986), Ind.App., 500 N.E.2d 1251, *trans. pending*, the Third District was confronted with a situation where defendants first raised the statute of limitations defense by way of motions for summary judgment. Admittedly, in *Honeywell*, the defense was not apparent until after discovery had commenced. However, the primary basis for this court's decision was that the party

against whom a new issue is raised must affirmatively show prejudice to his case before the issue can be rejected. Delay, in and of itself, is not sufficient; "there must be a showing that the party in opposition will be deprived of, or otherwise seriously hindered in the pursuit of some legal right if injection of the new issue is permitted." *Id.* at 1252. We do not deny that Kohlman probably expended a great deal of time and money during the course of the proceedings while Finkelstein let his defense lie fallow without any discernible excuse. However unfair that may seem, the fact remains that Kohlman has made no other affirmative showing of prejudice. It is not as if the statute of limitations had not already run during his municipal court case; he could not now initiate a new action anyway. *See, e.g., Strauss v. Douglas Aircraft Co.* (1968), 2d Cir., 404 F.2d 1152. Regardless, we believe Kohlman has waived the issue by failing to take appropriate action with regard to the real culprit—the amended answer—where the defense first arose. *See, Strauss.* The failure to make an appropriate objection in the trial court to the amended answer preserves nothing for us here on appeal. *See Huff v. Travelers Indemnity Co.* (1975), Ind.App., 328 N.E.2d 430, *vacated on other grounds* (1977), 266 Ind. 414, 363 N.E.2d 985. Kohlman therefore must fail on this issue.

*Journey's Account Statute Does Not Save Kohlman's Action*

The thrust of this case revolves around the primary issue of whether the trial court erred in finding Kohlman's superior court complaint was filed beyond the applicable statute of limitations. Kohlman has presented several arguments to advocate error in the trial court's decision. We remain unpersuaded that the trial court erred.

**2.** Finkelstein's answer denied Kohlman's assertions that he had filed this complaint in municipal court and then dismissed it voluntarily. This denial was never corrected in Finkelstein's amended answer; however, Finkelstein filed evidence of the municipal proceedings at hearing.

In reviewing the court's decision we are instructed by Ind.Rules of Procedure, Trial Rule 12(C), which directs us to be guided by Ind.Rules of Procedure, Trial Rule 56 on summary judgment when a motion for judgment on the pleadings is accomplished by matters outside the pleadings, such as here. *See, e.g., Union State Bank v. Williams* (1976), 169 Ind.App., 345, 348 N.E.2d 683. T.R. 56 provides that summary judgment

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In this instance, we have before us only the pleadings and the exhibits produced at the hearing. Taking as true the facts alleged in the pleadings, controverted by the evidence presented at the hearing only to the extent those facts are specifically negated,[2] *see, e.g., Estate of Tanasijevich v. City of Hammond* (1978), 178 Ind.App. 669, 383 N.E.2d 1081, we find no conflict as to the material facts and are therefore confined to determining whether Finkelstein was entitled to judgment as a matter of law.

■ The facts here reveal that, if Kohlman had a cause of action for conversion of personal property, it accrued in July, 1979. Kohlman thereafter commenced suit for recovery of damages in Marion Municipal Court on May 21, 1981. This filing was well within the two-year statute of limitations prescribed for injury to personal property, IND.CODE 34-1-2-2, which expired in July, 1981. Thereafter, Kohlman amended his prayer for damages to exceed the $12,500 jurisdictional limit of the municipal court, IND.CODE 33-6-1-2 (1982),[3] and moved to voluntarily dismiss the case without prejudice for lack of jurisdiction. After the trial court granted his motion, Kohlman

If he had done otherwise, we might have been persuaded that he was not entitled to judgment on the pleadings.

**3.** The jurisdiction in municipal courts has since been raised to $20,000. IND.CODE 33-6-1-2.

refiled his complaint in Marion Superior Court on October 4, 1982, well past the expiration of the applicable statute of limitations. Kohlman argues, however, his complaint is saved from the time-bar of the statute by virtue of Indiana's Journey's Account Statute, IND.CODE 34–1–2–8. We disagree.

I.C. 34–1–2–8 reads as follows:

"If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated."

■ The purpose of I.C. 34–1–2–8 is to provide for continuation when a plaintiff fails to obtain a decision on the merits for some reason other than his own neglect and the statute of limitations expires while his suit is pending. A properly initiated action that is voluntarily dismissed is not deemed a "failure" within the meaning of the statute. *Ferdinand Furniture Co. v. Anderson* (1980), Ind.App., 399 N.E.2d 799; *Pennsylvania Co. v. Good* (1913), 56 Ind. App. 562, 103 N.E. 672. In *Good, supra,* this court held:

"A plaintiff who voluntarily dismisses his action cannot be said to have failed to obtain a decision on the merits. A plaintiff cannot be said to 'fail' within the meaning of this statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith, and fails upon some question which does not involve the merits of his case, and if such failure is not due to negligence in its prosecution, the statute may be held to apply."

*Id.* at 567, 103 N.E. at 673–74.

Kohlman's argument that his original municipal court action which he voluntarily

dismissed should be saved under the statute is therefore without merit. The trial court properly found Kohlman's superior court action was barred by the statute of limitations based on the face of Kohlman's complaint.

Kohlman's efforts to distinguish his predicament have already been adequately addressed by Judge Sullivan's opinion in *Ferdinand Furniture, supra,* wherein he affirmed the *Good* case on the principle that it applies whenever a plaintiff has voluntarily dismissed his initial action. Kohlman simply cannot extricate himself from the binding effect we give to the doctrine of *stare decisis.* Besides, two other principles necessitate adhering to the conclusion of the *Good* case.

■ First, in Indiana, we have adopted the stance that once a case has been voluntarily dismissed, it is treated as if it never existed. *See Burnett v. Camden* (1970), 253 Ind. 354, 254 N.E.2d 199, *cert. denied* 399 U.S. 901, 90 S.Ct. 2202, 26 L.Ed.2d 556; *Board of Commissioners of Cass County v. Nevitt* (1983), Ind.App., 448 N.E.2d 333. Such a case therefore does not toll the statute of limitations. *Id.* at 339, n. 5. Kohlman's timely municipal court case cannot extend the time within which he could file his superior court case. Secondly, we note that the *Good* case was decided in 1913, on the basis of the same statutory language here, existent since adopted in 1881. The legislature's inaction to change the wording raises the presumption the court's construction of the statute was appropriate and therefore acceptable to the legislature. *See, e.g., Ross v. Schubert* (1979), 180 Ind.App. 402, 388 N.E.2d 623; *Hahn v. Moore* (1956), 127 Ind.App. 149, 133 N.E.2d 900. Almost 75 years have passed since the *Good* case; the *Good* court's interpretation must stand, Kohlman's citation to other jurisdictions notwithstanding.[4] The trial court therefore

---

4. Most, if not all, of the jurisdictions with Journey's Account Statutes almost precisely like ours have come to the direct opposite conclusion with respect to what constitutes "failure." *See, e.g., Meyer v. Wilson* (1930), 131 Kan. 717, 293 P. 738 ("A [plaintiffs] dismissal without prejudice

must be regarded as a failure otherwise than upon the merits." *Id.* at 720, 293 P. at 739); *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 431 N.E.2d 660; *City of Healdton v. Pickens* (1948), 201 Okla. 85, 201 P.2d 796; *Luke v. Bennion* (1908), 36 Utah 61, 106 P. 712. Curi-

correctly granted summary judgment to Finkelstein as a matter of law, and we uphold its decision.

Affirmed.

SHIELDS, P.J., and YOUNG, J., concur.

ously, our decision in *Pennsylvania Co. v. Good* (1913), 56 Ind.App. 562, 103 N.E. 672, relied heavily upon an Ohio case which has since been reversed, *Siegfried v. Railroad Co.* (1893), 50 Ohio St. 294, 34 N.E. 331. In abandoning the *Siegfried* position that a voluntary dismissal is not a "failure," the Supreme Court of Ohio considered the intervening adoption of rules of civil procedure as obviating the need for *Siegfried*'s narrow construction:

"Since the adoption of the Civil Rules, however, it is no longer necessary to narrowly define the phrase 'fails otherwise than upon the merits' in order to prevent the unlimited abuse feared by the court in earlier cases. Under Civ.R. 41(A)(1) a plaintiff may only once unilaterally dismiss an action while reserving his right to refile.

\* \* \* \* \* \*

In light of these changed procedural circumstances, and in order to give the savings statute a liberal construction, where a dismissal is ordered pursuant to Civ.R. 41(A)(2) [voluntary dismissal by order of court], we find little justification for clinging to the *Siegfried* definition of the word 'fails' in R.C. 2305.19." *Chadwick v. Barba Lou, Inc., supra,* 69 Ohio St.2d at 229, 431 N.E.2d at 665.