Fadia AL–CHALLAH, Appellant–
Plaintiff,

v.

BARGER PACKAGING, Appellee–
Defendant.

No. 20A04–0405–CV–263.

Court of Appeals of Indiana.

Jan. 5, 2005.

Patrick R. O'Leary, Goshen, IN, Attorney for Appellant.

Michael C. Terrell, Blake J. Burgan, Sommer & Barnard, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Fadia Al–Challah appeals the trial court's order granting Barger Packaging

Corporation's ("Barger") motion to dismiss Al–Challah's complaint as time barred. Al–Challah raises two issues, which we consolidate and restate as whether the trial court erred by finding that the Journey's Account Statute was not applicable to Al–Challah's complaint and by granting Barger's motion to dismiss Al–Challah's complaint as time barred. We affirm.

The relevant facts follow. Al–Challah was employed by Barger for several years, and her employment with Barger ended on October 2, 2001. In December 2002, Al–Challah filed a complaint against Barger in the United States District Court for the Northern District of Indiana and asserted claims under both federal and state law. Al–Challah alleged that Barger had terminated her employment because of a disability and had disclosed medical information to a prospective employer, both in violation of the Americans with Disabilities Act ("ADA"), and that Barger terminated her employment in retaliation for her filing a worker's compensation claim.

On June 6, 2003, Al–Challah filed a motion requesting the voluntary dismissal of her federal claims with prejudice and the voluntary dismissal of her state claims without prejudice, and she requested that her state law claims be "remanded" to state court. Appellant's Appendix at 17. That same day, the federal court granted Al–Challah's requests and signed Al–Challah's proposed order dismissing her federal claims with prejudice and dismissing her state law claims without prejudice.

On November 7, 2003, Al–Challah filed her state law wrongful discharge claim in the trial court. On November 25, 2003, Barger filed a motion to dismiss Al–Challah's complaint as time barred. After holding a hearing on the motion, the trial court issued an order granting Barger's motion to dismiss, which provided:

1. Plaintiff, Fadia Al–Challah, was employed by the Defendant, Barger Packaging, for a period of several years, which employment ended on or about October 2, 2001.

2. Prior to her termination on October 2, 2001, Ms. Al–Challah had [sic]

3. On July 9, 2002, Ms. Al–Challah filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging that Barger Packaging had terminated her because of a disability, or in the alternative, because it perceived Ms. Al–Challah as disabled. Further, Ms. Al–Challah alleged that Barger Packaging had made unlawful disclosure of her medical information to prospective employers which prevented her hiring.

4. On October 15, 2002, the Equal Employment Opportunity Commission issued its Determination letter finding that it was unable to conclude that Barger Packaging had violated the American with Disabilities Act with regard to the issued raised by Ms. Al–Challah. The Commission notified Ms. Al–Challah of her right to pursue her allegations of discharge and medical disclosure by filing suit in Federal District Court within ninety (90) days of her receipt of the Commission's letter.

5. On December 3, 2002, Ms. Al–Challah commenced suit in the United States District Court for the Northern District of Indiana, South Bend Division, Cause No. 3:02CV0866AS. In her Complaint, Ms. Al–Challah alleged that Barger Packaging terminated her employment because of a disability in violation of the Americans with Disabilities Act and disclosed medical information to a prospective employer. She further alleged that Barger Packaging terminated her in retaliation for her filing a worker's com-

pensation claim, and as a result of that discharge, she suffered damages.

6. On June 6, 2003, Ms. Al–Challah, by counsel, moved to voluntarily dismiss her claims founded on the American with Disabilities Act. The Federal District Court, Judge Allen Sharp, granted Ms. Al–Challah's motion to dismiss.

7. On November 7, 2003 … Ms. Al–Challah filed the current action in this Court.

8. On November 25, 2003, Barger Packaging filed its Motion to Dismiss Time–Barred Complaint.

9. The applicable statute of limitations for a wrongful termination claim is two years. *See*, Indiana Code § 34–11–2–1. In this case, Ms. Al–Challah was terminated on October 2, 2001. The current lawsuit was not filed until November 7, 2003, more than two years after her termination. Ms. Al–Challah argues, however, that the Journey's Account Statute applies, allowing her more time to file her claim in state court.

10. The Journey's Account Statute is found at Indiana Code § 34–[11–8]–1 and provides that:

> Sec. 1(a) This section applies if a plaintiff commences an action and the plaintiff fails in the action from any cause except:
>
> (1) negligence in the prosecution of the action;
>
> (2) the action abates or is defeated by the death of a party; or
>
> (3) a judgment is arrested or reversed on appeal.
>
> (b) If subsection (a) applies, a new action may be brought not later
>
> than the later of:
>
> (1) three (3) years after the date of the determination under subsection (a); or

> (2) the last date an action could have been commenced under the statute of limitations governing the original action;
>
> and be considered a continuation of the original action commenced by the plaintiff.

11. Generally, when it applies, the Statute serves to resuscitate actions that have otherwise expired under a statute of limitations. Because the Statute gives a plaintiff an additional three (3) years to refile an action, if the Statute applies, Ms. Al–Challah's claim would be timely. Thus, it is clear that unless the Journey's Account Statute preserved Ms. Al–Challah's claim, her claim is barred by Indiana Code § 34–11–2–1.

12. The Journey's Account Statute's typical use is to save an action filed in the wrong court by allowing the plaintiff enough time to refile the same claim in the correct forum. For example, the statute enables an action dismissed for lack of personal jurisdiction in one state to be refiled in another state despite the intervening running of the statute of limitations. *See*, *Cox v. American Aggregates Corp.*, 684 N.E.2d 193, 195 (Ind. 1997). The Journey's Account Statute is designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits. A cause that abates is not covered by the Journey's Account Statute. *McGill v. Ling*, 801 N.E.2d 678, 684 (Ind.Ct.App.2004)[, *reh'g denied, trans. denied*].

13. The key to the applicability of the Journey's Account Statute is that the prior action must have "failed." An action has not failed if the plaintiff voluntarily dismissed it. Under those circumstances, the prior action does not toll the statute of limitations. *See, Kohlman v. Finkelstein*, 509 N.E.2d 228, 232 (Ind.

Ct.App.1987)[, *reh'g denied, trans. denied* ]. Rather, the purpose of I.C. [§ ] 34–1–2–8 (currently, I.C. [§ ] 34–[11–8]–1) is to provide for continuation when a plaintiff fails to obtain a decision on the merits for some reason other than his own neglect and the statute of limitations expires while his suit is pending. A properly initiated action that is voluntarily dismissed is not deemed a "failure" within the meaning of the statute. *Kohlman,* 509 N.E.2d at 232.

14. A plaintiff who voluntarily dismisses his action cannot be said to have failed to obtain a decision on the merits. A plaintiff cannot be said to fail within the meaning of the statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith, and fails upon some question which does not involve the merits of his case, and if such failure is not due to negligence in its prosecution, the statute may be held to apply. *See, Ferdinand Furniture Co., Inc. v. R.M. Anderson,* 399 N.E.2d 799, 803 (Ind.Ct.App.1980). One who voluntarily dismisses his own cause of action, however, and fails to refile it within the ordinarily applicable limitations period, cannot seek the protection of the Journey's Account Statute, which requires that in order to be deemed a timely continuation a cause must first fail before it is filed anew.

15. In this case, Ms. Al–Challah voluntarily dismissed her federal lawsuit. She filed a motion to dismiss and tendered an order requesting the United States District Court to grant dismissal, which the Court did by merely signing the proposed order. Even though the order contains language to the effect that certain claims were remanded to state court for further disposition, the claims were not procedurally remanded to state court because they were never filed in state court to begin with. The effect of Ms. Al–Challah's voluntary motion to dismiss was a dismissal of the action in federal court. The Journey's Account Statute does not apply under the circumstances of this case. Therefore, Ms. Al–Challah had over four months to file her claim in state court after it was dismissed in federal court, but did not do so. Accordingly, her claim is time-barred.

IT IS THEREFORE, **ORDERED, ADJUDGED, and DECREED** that Defendant, Barger Packaging Corporation's Motion to Dismiss Time–Barred Complaint is hereby GRANTED. Cause Dismissed with Prejudice.

Appellant's Appendix at 4–8.

 The sole issue is whether the trial court erred by finding that the Journey's Account Statute was not applicable to Al–Challah's complaint and by granting Barger's motion to dismiss Al–Challah's complaint as time barred. The standard of review on appeal of a trial court's grant of a motion to dismiss for the failure to state a claim is de novo and requires no deference to the trial court's decision. *Sims v. Beamer,* 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). The grant or denial of a motion to dismiss turns only on the legal sufficiency of the claim and does not require determinations of fact. *Id.*

The statute of limitations on employment related actions is governed by Ind. Code § 34–11–2–1 (1998), which provides that such actions "must be brought within two (2) years of the date of the act or omission complained of." Al–Challah was dismissed from her employment with Barger on October 2, 2001, and she filed a complaint against Barger in federal court and asserted federal law claims under the ADA and state law claims of wrongful discharge in December 2002. Thus, Al–Challah's wrongful discharge claims were

filed within the two-year statute of limitations. *See* I.C. § 34–11–2–1. On June 6, 2003, Al–Challah filed a motion requesting to voluntarily dismiss her federal claims with prejudice and to dismiss her state claim without prejudice, and that same day, the federal court signed Al–Challah's proposed order dismissing her federal claims with prejudice and dismissing her state law claims without prejudice. At that time, Al–Challah still had approximately four months remaining before the expiration of the statute of limitations. Al–Challah then filed her state law wrongful discharge claim in the trial court on November 7, 2003, which was one month past the expiration of the two-year statute of limitation for her claim. *See* I.C. § 34–11–2–1. Barger filed a motion to dismiss Al–Challah's complaint as time barred, which the trial court granted.

 Al–Challah argues the trial court erred by dismissing her complaint as time barred because the Journey's Account Statute saved her complaint from the expiration of the two-year statute of limitation. We disagree.

As our supreme court explained in *Vesolowski v. Repay*, 520 N.E.2d 433, 434 (Ind. 1988), *reh'g denied:*

> At common law suits often were dismissed on technical grounds. In such cases, the plaintiff could file another writ known as a Journey's Account. The renewal suit was deemed to be a continuation of the first. The time to bring another suit was computed theoretically with reference to the time required for the plaintiff to journey to where court was held.

(citing *Pennsylvania Co. v. Good*, 56 Ind. App. 562, 566, 103 N.E. 672, 673 (1913)). Although the common law remedy is no longer recognized, Indiana has created a statutory remedy in its place. The Journey's Account Statute, Ind.Code § 34–11–8–1 (1998), provides:

> (a) This section applies if a plaintiff commences an action and the plaintiff fails in the action from any cause except:
>
> > (1) negligence in the prosecution of the action;
> >
> > (2) the action abates or is defeated by the death of a party; or
> >
> > (3) a judgment is arrested or reversed on appeal.
>
> (b) If subsection (a) applies, a new action may be brought not later than the later of:
>
> > (1) three (3) years after the date of the determination under subsection (a); or
> >
> > (2) the last date an action could have been commenced under the statute of limitations governing the original action;
>
> and be considered a continuation of the original action commenced by the plaintiff.

 "Generally, when it applies, the [Journey's Account] Statute serves to resuscitate actions that have otherwise expired under a statute of limitations." *Cox v. American Aggregates Corp.*, 684 N.E.2d 193, 195 (Ind.1997). The purpose of the Journey's Account Statute is to provide for continuation when a plaintiff fails to obtain a decision on the merits for some reason other than his own neglect and the statute of limitations expires while his suit is pending. *Kohlman v. Finkelstein*, 509 N.E.2d 228, 232 (Ind.Ct.App.1987), *reh'g denied, trans. denied.* However, "a properly initiated action that is voluntarily dismissed is not deemed a 'failure' within the meaning of the [Journey's Account] statute." *Id.* (citing *Ferdinand Furniture Co. v. Anderson*, 399 N.E.2d 799 (Ind.Ct.App. 1980), and *Good*, 56 Ind.App. 562, 103 N.E. 672). We have held that:

> A plaintiff who voluntarily dismisses his action cannot be said to have failed to obtain a decision on the merits. A plain-

tiff cannot be said to "fail" within the meaning of this statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith, and fails upon some question which does not involve the merits of his case, and if such failure is not due to negligence in its prosecution, the statute may be held to apply.

*Kohlman,* 509 N.E.2d at 232 (quoting *Good,* 56 Ind.App. at 567, 103 N.E. at 673–74).

Al–Challah argues that the Journey's Account Statute was applicable to save her complaint filed in state court because the state law wrongful discharge claim in her original federal court action failed when the district court dismissed it without prejudice. We disagree and find *Kohlman* instructive.

In *Kohlman,* we held that the Journey's Account Statute does not apply to a plaintiff who voluntarily dismisses a complaint. *Kohlman,* 509 N.E.2d at 232. In *Kohlman,* the plaintiff filed a complaint in the Marion Municipal Court in May 1981, which was within the two-year statute of limitations for his conversion claim. *Id.* at 229, 231. The plaintiff later amended his complaint and sought damages in excess of the municipal court's jurisdictional limit. *Id.* at 229. The plaintiff then moved to voluntarily dismiss his case without prejudice for lack of jurisdiction, and the municipal court granted his motion. *Id.* In October 1982, the plaintiff filed his complaint in the Marion Superior Court, where there was no jurisdictional limit. *Id.* at 229–230. However, the second lawsuit was filed after the expiration of the applicable two-

year statute of limitations. *Id.* at 231–232. The defendant filed a motion for judgment on the pleadings to dismiss the plaintiff's complaint as time barred, which the trial court granted. *Id.* at 230.

The plaintiff appealed and argued that the Journey's Account Statute saved his superior court complaint from the time bar. *Id.* at 230, 232. We held that a properly initiated action that is voluntarily dismissed could not be deemed a failure under the Journey's Account Statute. *Id.* at 232. Accordingly, we held that because the plaintiff had voluntarily dismissed his original municipal court action, the Journey's Account Statute did not apply to save the plaintiff's subsequently filed time-barred superior court complaint. *Id.*

Similar to the plaintiff in *Kohlman,* Al–Challah's subsequently filed time-barred complaint was not saved by the Journey's Account Statute due to her voluntary dismissal of her original complaint. Al–Challah filed a motion with the federal court requesting it to voluntarily dismiss her federal claims with prejudice and to voluntarily dismiss her state claims without prejudice for lack of subject matter jurisdiction. Thereafter, the federal court granted Al–Challah's request and signed Al–Challah's proposed order dismissing her federal claims with prejudice and dismissing her state law claims without prejudice.[1] A complaint that is voluntarily dismissed is treated as if it never existed and, thus, cannot toll the statute of limitations. *Kohlman,* 509 N.E.2d at 232. Because Al–Challah voluntarily dismissed her federal lawsuit, her action did not "fail" within the meaning of the Journey's Account Statute.

---

1. Al–Challah attempts to argue that she voluntarily dismissed only her federal law claims and not her state law claims. However, a review of Al–Challah's motion to dismiss and proposed order to the federal court reveals otherwise. In her motion to dismiss, Al–Challah moved to have her federal claims dismissed with prejudice and "advise[d] the

Court that the dismissal of these federal claims will likely obviate the Court's subject matter jurisdiction" on the state law claims. Appellant's Appendix at 17. Further, in Al–Challah's proposed order tendered with her motion to dismiss, she included language requesting that her state law claims be "dismissed without prejudice[.]" *Id.* at 19.

Therefore, the trial court did not err by finding that the Journey's Account Statute was not applicable by granting Barger's motion to dismiss Al–Challah's complaint as time barred. *See, e.g., id.;*[2] *cf. City of Evansville v. Moore,* 563 N.E.2d 113, 115–116 (Ind.1990) (holding that the plaintiff's voluntary dismissal did not bar the application of the Journey's Account Statute where the dismissal was not "unilateral" but merely occurred as a "professional courtesy in compliance with the [defendant's] request" and assurance that he would waive any affirmative defense under the statute of limitations).

For the foregoing reasons, we affirm the trial court's order granting Barger's motion to dismiss Al–Challah's complaint.

Affirmed.

BAILEY, J. and MAY, J. concur.

---

Therefore, we find Al–Challah's argument that she did not voluntarily dismiss her state law claims to be without merit.

2. Al–Challah also argues that the trial court erroneously interpreted the Journey's Account Statute when it concluded that a cause that abates is not covered by the statute. Al–Challah contends, however, that "the trial court's error is understandable due to an inadvertent drafting error by the legislature." Appellant's Brief at 8. Recently, in *McGill v. Ling,* 801 N.E.2d 678, 684 n. 3 (Ind.Ct.App. 2004), *reh'g denied, trans. denied,* we noted:

> We have discovered what appears to be a mistake by our legislature in its drafting of the most recent version of the Journey's Account Statute. The former version of that statute, former Indiana Code Section 34–1–2–8, provided:
>
> If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated.
>
> Under that version, the words "any cause except negligence in the prosecution" was [sic] an independent phrase, such that our courts applied the statute when any of the following situations occurred: (1) the plaintiff fails from any cause except negligence in the prosecution; (2) the action abated; (3) the action is defeated by the death of a party; or (4) judgment is arrested or reversed on appeal. *Vesolowski,* 520 N.E.2d at 435. The current version of the statute,

which was added in 1998, separates the phrase "any cause except negligence in the prosecution" as follows:

> (a) This section applies if a plaintiff commences an action and the plaintiff fails in the action from any cause *except:*
> (1) negligence in the prosecution of the action;
> (2) the action abates or is defeated by the death of a party; or
> (3) a judgment is arrested or reversed on appeal.

(Emphasis added). Thus, under the current statute, a cause which abates, for example, is not covered by the Journey's Account Statute. We are confident that this is a result the legislature did not intend and trust that, following publication of this opinion, the legislature will clarify the statute. Nevertheless, any mistake in the drafting of the statute does not affect the outcome here.

We agree with *McGill* that there appears to be a mistake in the drafting of the current version of the Journey's Account Statute and that we are confident that the legislature will clarify any such mistake. Furthermore, similar to *McGill,* any mistake in the drafting of the statute does not affect the outcome of this case. Even if abatement were covered under the current version of the Journey's Account Statute, Al–Challah's action did not abate and would not be saved by the statute. "An abatement is the overthrow or destruction of an action." *Vesolowski,* 520 N.E.2d at 436. Here, however, Al–Challah voluntarily dismissed her action with ample time to refile it in state court within the statute of limitations. Thus, we conclude that Al–Challah's argument regarding any drafting error is without merit.