Edwin BLINN, Jr., Appellant–Plaintiff,

v.

The LAW FIRM OF JOHNSON, BEAMAN, BRATCH, BEAL and WHITE, LLP, Appellee–Defendant.

No. 27A05–1011–CT–721.

Court of Appeals of Indiana.

April 29, 2011.

Scott A. Weathers, Travis W. Montgomery, The Weathers Law Office, P.C., Indianapolis, IN, Attorneys for Appellant.

Dina M. Cox, Kameelah Shaheed–Diallo, Lewis Wagner, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Edwin Blinn appeals the trial court's dismissal of his complaint. We affirm.

### Issue

Blinn raises one issue, which we restate as whether the trial court properly dismissed his complaint.

### Facts

On April 26, 2007, Blinn filed a pro se complaint against Shane Beal and Beal's law firm, Johnson, Beaman, Bratch, Beal, and White, LLP ("the Firm"), alleging that Beal negligently represented him in federal criminal proceedings and that the Firm was vicariously liable for Beal's malpractice. On November 1, 2007, Blinn, who was then represented by counsel, filed an amended complaint.

According to Blinn, discovery responses indicated that, although Beal and the Firm were represented by different attorneys, they were insured by the same "wasting" malpractice insurance policy, whereby the proceeds of the policy dwindled as the cost of defending the action increased. Appellant's App. p. 39. Based on representations by Beal's attorney that Beal would sign off on a policy-limits settlement but the Firm would not, Blinn attempted to remove the objecting party from the law-suit to allow Beal to approve the settlement and end the matter.

On September 25, 2009, Blinn's attorney sent a letter to the Firm and Beal, stating:

Yesterday my client authorized me to take the following steps in an effort to resolve the above-referenced matter:

(1) Immediately dismiss, without prejudice, the law firm of Johnson, Beaman, Bratch, Beal & White.

(2) Obtain a settlement with Mr. Beal and his insurer for policy limits. It is my understanding that the per occurrence limit is $500,000, less the legal fees paid (my guesstimate is that there has probably been approximately $50,000 spent on defense fees).

(3) If a settlement can be obtained, amend the dismissal of the law firm to with prejudice.

(4) Finalize a settlement and release agreement with Mr. Beal (that would include the law firm) and file a notice of dismissal with prejudice of Mr. Beal individually.

Because both of you have been retained by the same insurer, it is my hope that you could work together to see that this case is resolved within the next several weeks. If either one of you believe that settlement is "not in the cards," please let me know at your earliest convenience.

*Id.* at 48. On October 6, 2009, Blinn filed a limited stipulation of dismissal without prejudice signed by all attorneys involved. On November 6, 2009, pursuant to the parties' stipulation, the trial court entered an order dismissing Blinn's action against the Firm without prejudice and leaving the action against Beal to continue.

Settlement negotiations with Beal were unsuccessful, and Blinn filed a motion to reinstate the Firm pursuant to Indiana

Trial Rule 41(F), which requires a showing of good cause and reasonable time to reinstate a voluntarily dismissed complaint. The Firm objected to the reinstatement, and Blinn argued that reinstatement was permitted pursuant to Indiana Trial Rule 41(F) in part because, even if the dismissal was not set aside, the Journey's Account Statute would permit him to refile the claim. On February 24, 2010, the trial court denied Blinn's motion to reinstate the Firm. The trial court reasoned:

3. The Court finds that the Stipulation of Dismissal was filed approximately two and one half years after the original complaint was filed by the Plaintiff and during which time the Defendant law firm steadfastly denied liability. Apparently the motivation for Plaintiff to dismiss his case against the law firm was to promote possible settlement on the basis of Shane Beal's liability and potential insurance coverage.

4. The Court finds that neither Defendant law firm nor its attorney made any representations with respect to settlement or provided any inducements to cause the Plaintiff to dismiss against them.

5. The Court finds Plaintiff's counsel did not require or obtain any agreement for reinstatement upon the failure of settlement negotiations or any other conditions.

6. The Court finds that Trial Rule 41F providing for reinstatement following dismissal requires good cause be shown and the Court may set aside a dismissal without prejudice within a reasonable time.

7. The Court finds that the reasonable time issue is not in dispute; however, Defendant firm objects to the reinstate-

ment alleging that there is no good cause and that the reinstatement would be time barred based on a statute of limitations. The Court finds that a failure to obtain a quick and substantial settlement from the remaining Defendant is not good cause to reinstate the voluntarily dismissed Defendant. The Court finds that the Plaintiff's failure to negotiate for potential reinstatement upon failure of settlement negotiations is not good cause. The Court finds there was no fraud or misrepresentation on behalf of the Johnson firm nor any inducements provided by them to the Plaintiff in order to obtain the dismissal.

8. The Court finds that the Plaintiff obtained what he wanted when he dismissed the firm from the suit which was to enhance his settlement position.

9. The Court finds that commonly when a claim is dismissed without prejudice it means that the Plaintiff could file a new action against the Defendant related to the same issues. The Court further finds that the Defendant's position that the refiling of the claim would be time barred as a result of the applicable statute of limitations also applies pursuant to the authority cited by the Defendant to time bar reinstatement of a claim voluntarily dismissed without prejudice.

10. The Court finds that the Plaintiff's claim for reinstatement is not saved in this circumstance by an application of the journeyman's statute.

*Id.* at 35.

On May 7, 2010, the trial court certified its order denying reinstatement for interlocutory appeal. On July 27, 2010, this court denied Blinn's request to accept jurisdiction over an interlocutory appeal.[1]

1. The Firm argues, "The Indiana court of Appeals denied Blinn's motion for discretionary jurisdiction, thereby, affirming the prior Court's February 24th Order denying rein-

On August 10, 2010, Blinn filed a new complaint against the Firm based on Beal's alleged malpractice. On September 7, 2010, the Firm filed an Indiana Trial Rule 12(B)(6) motion to dismiss on the basis that the statute of limitations barred the claim and the Journey's Account Statute did not revive it. The Firm also argued that the doctrine of res judicata barred the relitigation of the issues decided in the trial court's February 24, 2010 order. Blinn responded by arguing that the application of Journey's Account Statute was not properly before the trial court in its February 24, 2010 order, precluding the application of res judicata, and that the Journey's Account Statute did permit him to file his claim.

On October 29, 2010, the trial court granted the Firm's motion to dismiss. In its order, the trial court reasoned that the complaint was filed after the expiration of the two-year statute of limitations and that "the Grant Superior Court previously ruled that the Journey's Account statute did not apply to save Plaintiff's time-barred claim against the Defendant, the Law Firm." *Id.* at 3. Blinn now appeals.

### Analysis

■ Blinn argues that the trial court improperly granted the Firm's motion to dismiss. We review de novo the trial court's ruling on a motion based on Indiana Trial Rule 12(B)(6). *Caesars Riverboat Casino, LLC v. Kephart,* 934 N.E.2d 1120, 1122 (Ind.2010). "Such a motion tests the legal sufficiency of a claim, not the facts supporting it." *Id.* "Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief." *Id.* "If a complaint states a set of facts that, even if true, would not support the relief requested, we will affirm the dismissal." *McPeek v. McCardle,* 888 N.E.2d 171, 174 (Ind. 2008). We may affirm the granting of a motion to dismiss if it is sustainable on any theory. *Id.*

■ Assuming, without deciding, that collateral estoppel does not bar Blinn's claim, we address his argument that the Journey's Account Statute permitted him to file the new complaint. In discussing the Journey's Account Statute, our supreme court has explained:

At common law suits often were dismissed on technical grounds. In such cases, the plaintiff could file another writ known as a Journey's Account. The renewal suit was deemed to be a continuation of the first. The time to bring another suit was computed theoretically with reference to the time required for the plaintiff to journey to where court was held.

*Vesolowski v. Repay,* 520 N.E.2d 433, 434 (Ind.1988). The common law remedy has been replaced with a statutory remedy. *Id.* The Journey's Account Statute provides:

(a) This section applies if a plaintiff commences an action and:

(1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

---

statement." Appellee's Br. p. 8. Our decision denying Blinn's request to accept his discretionary interlocutory appeal was neither a decision on the merits nor an affirmation of the trial court's February 24, 2010 order. *See* Ind. Appellate Rule 14(B) (describing discretionary interlocutory appeals); *Johnson County Rural Elec. Membership Corp. v. South Cent.* *Ind. Rural Elec. Membership Corp.,* 883 N.E.2d 141, 145 (Ind.Ct.App.2008) ("If Johnson County REMC had chosen not to seek an interlocutory appeal, or if either the trial court or this court did not allow such an appeal to proceed, it still could have raised the issue of the denial of the change of judge motion after final judgment was entered.").

(2) the action abates or is defeated by the death of a party; or

(3) a judgment is arrested or reversed on appeal.

(b) If subsection (a) applies, a new action may be brought not later than the later of:

(1) three (3) years after the date of the determination under subsection (a); or

(2) the last date an action could have been commenced under the statute of limitations governing the original action;

and be considered a continuation of the original action commenced by the plaintiff.

Ind.Code § 34–11–8–1. "The Journey's Account Statute is designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits." *Vesolowski*, 520 N.E.2d at 434. "Its broad and liberal purpose is not to be frittered away by narrow construction." *Id.*

■■■ Despite the broad and liberal purpose of the Journey's Account Statute, "a voluntary dismissal of the earlier claim can preclude invocation of the [Journey's Account Statute]." *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1244 (Ind.2010). It has been said:

"A plaintiff who voluntarily dismisses his action cannot be said to have failed to obtain a decision on the merits. A plaintiff cannot be said to 'fail' within the meaning of this statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith and fails upon some question which does not involve the merits of his case, and, if such failure is not due to negligence in its prosecution, the statute may be held to apply."

*City of Evansville v. Moore*, 563 N.E.2d 113, 115 (Ind.1990) (quoting *Pennsylvania Co. v. Good*, 56 Ind.App. 562, 567, 103 N.E. 672, 673–74 (1913)). "[A] properly instituted claim voluntarily abandoned cannot be made available in a subsequent action to save it from the operation of the statute of limitations." *Good*, 103 N.E. at 674; *see also Al–Challah v. Barger Packaging*, 820 N.E.2d 670, 675 (Ind.Ct.App.2005) (holding that, because plaintiff voluntarily dismissed her federal lawsuit, her action did not "fail" within the meaning of the Journey's Account Statute); *Kohlman v. Finkelstein*, 509 N.E.2d 228, 231–32 (Ind.Ct. App.1987) (holding that, where plaintiff amended his prayer for damages to exceed the $12,500 jurisdictional limit of the municipal court, moved to voluntarily dismiss the case without prejudice for lack of jurisdiction, and refiled his complaint in the appropriate court well past the expiration of the applicable statute of limitations, the Journey's Account Statute could not save the complaint), *trans. denied; Ferdinand Furniture Co. v. Anderson*, 399 N.E.2d 799, 802 (Ind.Ct.App.1980) (holding that Journey's Account Statute could not save a timely filed action that was voluntarily dismissed without prejudice for the purpose of permitting a timely refiling of the claims in another county).

In *Moore*, however, our supreme court acknowledged an exception to the general rule that the Journey's Account Statute does not save a case that is refiled after a voluntary dismissal. In that case, Moore timely filed the original action, completed pretrial preparations, arranged for attendance at trial of his expert witness, and was ready to proceed. At that point, opposing counsel, unable to secure the attendance of a crucial witness and frustrated by the trial court's refusal to grant a continuance, requested that Moore dismiss the case and assured plaintiff's counsel that Evansville would waive any affirmative defense under

the statute of limitations. When Moore reinstituted the action, Evansville filed a motion to dismiss based the failure to file a timely complaint.[2]

In determining whether the trial court properly denied the motion to dismiss, our supreme court did not "find a unilateral voluntary dismissal such as occurred in the *Finkelstein, Anderson,* and *Good* cases." *Moore,* 563 N.E.2d at 115. The court refused to fault plaintiff's counsel for extending professional courtesy in compliance with his opponent's request. *Id.* at 116. The court found "that the plaintiffs conduct satisfied the necessary 'unavailing effort to succeed,' and 'effort in good faith,' as discussed in *Good.*" *Id.* The court concluded, "We do not view the failure of the plaintiff's initial cause of action as 'negligence in the prosecution' as that phrase is used in the Journey's Account Statute." *Id.* at 116.

■ Here, it is undisputed that the statute of limitations had run on Blinn's malpractice claim when he filed the second complaint. Blinn argues, however, that the Journey's Account Statute saved his claim. Relying on the *Moore* exception, Blinn asserts that he diligently pursued his claim against the Firm, that he made an unavailing and good faith effort to succeed, and that his dismissal of the Firm without prejudice was not negligence in the prosecution.

Specifically, Blinn argues that because the malpractice insurance policy proceeds would have continued to dwindle, "settle-ment for the policy limits represented the highest degree of success possible." Appellant's Br. p. 10. Although Blinn admits he did not have an explicit promise from the Firm not to contest reinstatement if settlement negotiations with Beal failed, he argues that his letter provided the Firm with notice of his intent to maintain his rights before the trial court and his willingness to dismiss the Firm with prejudice only upon a settlement for policy limits. He asserts that, when neither party voiced any reasons why settlement was "not in the cards," he "believed in good faith that dismissing the Law Firm without prejudice would lead to the most successful resolution of the case he could obtain." *Id.* Blinn acknowledges that, when the Firm was voluntarily dismissed without prejudice after the statute of limitations had run, "the dismissal without prejudice became a dismissal with prejudice." Appellant's Reply Br. p. 8. Blinn contends, however, that the Firm acted in bad faith when it entered into the stipulation of voluntary dismissal without prejudice after the statute of limitation had run, a "condition it knew to be legally impossible." *Id.*

Contrary to Blinn's arguments, this case is distinguishable from *Moore.* Even if the Firm was aware that Blinn could not refile his complaint when it consented to the voluntary dismissal without prejudice,[3] such awareness cannot be equated with the request to dismiss and assurances not to raise a statute of limitation defense in *Moore.* As the Firm points out, "Blinn's

---

2. Moore had filed a wrongful death action, which was governed by a nonclaim statute rather than a statute of limitation. *Moore,* 563 N.E.2d at 114–15.

3. In making this argument, Blinn asserts that he assumed that the stipulation would allow him to reinstate the Firm as a defendant. Reinstatement, however, is not automatic. Indiana Trial Rule 41(F) provides in part,

"For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice." In the February 24, 2010 order, the trial court found that Blinn had not made a showing of good cause for reinstatement. Thus, even if the statute of limitations had not run, Blinn has not established that his claim against the Firm would have been reinstated.

suggestion that it was somehow the Law Firm's duty to consider whether Blinn could re-file his Complaint if mediation was unsuccessful is simply not true." Appellee's Br. p. 15.

Here, Blinn unilaterally sought the voluntary dismissal of the Firm for his own benefit as part of his settlement strategy— to have the Firm removed from the litigation when it was an obstacle to settlement negotiations with Beal and to have the Firm reinstated as a defendant if those settlement negotiations were unsuccessful. That this strategy failed does not warrant an exception to the rule that a voluntarily dismissal precludes the application of the Journey's Account Statute. The trial court properly dismissed Blinn's complaint because it was time-barred and was not saved by the Journey's Account Statute.

### Conclusion

Assuming the doctrine of collateral estoppel did not bar the filing of the new complaint, the statute of limitations did. Because the original action against the Firm was voluntarily dismissed, the Journey's Account Statute does not save it. We affirm.

Affirmed.

RILEY, J., and DARDEN, J., concur.